IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| FELICITY M. TODD VEASEY and SECOND AMENDMENT FOUNDATION, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. |
| BRINDELL B. WILKINS, JR., in his official Capacity as Sheriff of Granville County, North Carolina, | ) ) ) ) | |
| Defendant. | ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs, FELICITY M. TODD VEASEY and SECOND AMENDMENT FOUNDATION, INC. (hereinafter "SAF"), by and through undersigned counsel, as and for their Complaint against Defendant BRINDELL B. WILKINS, JR., in his official capacity as Sheriff of Granville County, North Carolina, allege as follows:

**INTRODUCTION**

1. This is an action pursuant to 42 U.S.C. § 1983 for deprivation of civil rights under color of law, which seeks equitable, declaratory, and injunctive relief challenging the State of North Carolina's prohibition on otherwise qualified non-U.S. citizens who legally reside in North Carolina from obtaining a concealed carry permit, pursuant to North Carolina General Statute (hereinafter "N.C.G.S.") § 14-415.12(a)(1).

2. The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation," *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783, 2797 (2008), and is "fully applicable against the States," *McDonald v. City of Chicago*, 561 U.S. 3025, 130 S. Ct. 3020, 3026 (2010).

3. However, the laws of North Carolina prohibit resident legal aliens from obtaining a license for the concealed carry of guns, in public, for the purpose of self-defense. In North Carolina, only citizens may have the benefit of obtaining a license for armed defense by concealed carry.

4. Plaintiffs seek to establish that the recognition and incorporation of the Second Amendment, and the Fourteenth Amendment's equal protection clause, renders the State's ban on non-citizens obtaining a concealed carry license, unconstitutional. As the Plaintiffs only seek to be treated the same as law-abiding citizens, the Second and Fourteenth Amendments render a ban such as that challenged in this action, impermissible.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983, in that this action seeks to redress the deprivation, under color of the laws, statute, ordinances, regulations, customs, and usages of the Defendant as he executes, administers and enforces the complained-of laws, of the rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

6. This Court has personal jurisdiction over the Defendant because, *inter alia*, he acted under the color of laws, policies, customs, and/or practices of the State

of North Carolina and/or within the geographic confines of the State of North Carolina.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because the Defendants execute, administer, and enforce the complained-of laws against Plaintiffs in this District, and because the events and omissions giving rise to this action are harming Plaintiffs in this District, and the State laws were enacted in the State capital in this District.

## PLAINTIFFS

8. Plaintiff Felicity M. Todd Veasey is 38 years old, and a citizen of Australia residing with her family in Butner, North Carolina, and who has done so since 2004. She also lived in neighboring Durham County, North Carolina from 2001-2004. Felicity received her permanent resident visa (a/k/a "green card") in 2001. Prior to that Felicity was on a work visa, which she had while she worked at the Australian Embassy in Washington, D.C. Prior to that, she briefly was in the United States on a tourist visa. Felicity has been employed in IT and telecommunications for the same company in North Carolina since 2001. In sum, she has many solid connections to the State of North Carolina and the Butner area, including her husband and stepson who reside with her in the area.

9. Felicity is allowed to possess a concealed firearm in North Carolina only on her own premises, and is prohibited by N.C.G.S. § 14-415.12(a)(1) from obtaining a concealed carry permit, and thus carrying a handgun in a concealed manner for self-defense.

10. Felicity would carry a loaded and functional concealed handgun in public in a concealed manner for self-defense, but refrains from doing so because she fears arrest, prosecution, fine, and imprisonment as she understands it is unlawful for a non-citizen to carry a concealed handgun in North Carolina.

11. Though there are certain circumstances where Felicity is allowed to openly carry a firearm in public for self-defense purposes, there are many locations and circumstances where doing so are illegal, and other circumstances were doing so is neither feasible nor preferred.

12. In October, 2012, Felicity was notified by the Granville County Sheriff's Office that she was ineligible for a concealed carry permit because she is not a citizen. She was told not to bother applying because her application would be denied on the basis of citizenship and the money for the application fee would be wasted. Therefore, Felicity's attempt to apply for a concealed carry permit was denied.

13. SAF is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF's membership includes lawfully admitted aliens residing in North Carolina. SAF has over 650,000 members and supporters nationwide. The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right privately to own and possess firearms. SAF brings this action on behalf of itself and its members.

14. Members of SAF who are legal residents yet non-citizens would carry loaded and functional concealed handguns in public for self-defense, but refrain from doing so because they understand it is impossible for a non-citizen to obtain a concealed carry permit, and thus it is unlawful for a non-citizen to carry a concealed handgun in North Carolina and fear arrest, prosecution, fine, and imprisonment.

15. Felicity is a member of SAF.

## DEFENDANT

16. Defendant Wilkins is the Sheriff of Granville County, North Carolina. In Wilkins's official capacity, he is responsible for enforcing certain of North Carolina's laws, customs, practices, and policies, specifically including N.C.G.S. § 14-415.12(a)(1). In that capacity, Wilkins is presently enforcing the laws, customs, practices and policies complained of in this action. Specifically, Wilkins is the authority charged with processing and issuing concealed carry permit applications in Granville County, North Carolina, where Felicity resides. He is sued in his official capacity.

## CONSTITUTIONAL PROVISIONS

17. The Second Amendment provides:

    A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

U.S. Const. amend. II.

18. The Second Amendment "is fully applicable against the States." *McDonald v. City of Chicago*, 561 U.S. 3025, 130 S. Ct. 3020, 3026 (2010).

19. Section 1 of the Fourteenth Amendment provides, in relevant part:

> **No state shall** make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor **deny to any person within its jurisdiction the equal protection of the laws**.

U.S. Const. amend. XIV (emphasis added).

## STATE LAW

20. N.C.G.S. § 14-415.12 provides in pertinent part:

    (a) The sheriff shall issue a permit to an applicant if the applicant qualifies under the following criteria:

    (1) **The applicant is a citizen of the United States** and has been a resident of the State 30 days or longer immediately preceding the filing of the application. (Emphasis added.)

N.C.G.S. § 14-415.12(a)(1).

21. N.C.G.S. § 14-269(a1), in relevant part, prohibits one from willfully and intentionally carrying concealed about his/her person a concealed pistol or gun unless the person is on his/her own premises, the person is carrying a concealed handgun while possessing a concealed handgun permit and carrying said handgun within the scope of the permit.

22. N.C.G.S. § 14-269(c) states, in relevant part, "[a]ny person violating the provisions of subsection (a1) of this section shall be guilty of a Class 2 misdemeanor for the first offense. A second or subsequent offense is punishable as a Class I felony."

23. N.C.G.S. § 15A-1340.23(c) provides that a Class 2 misdemeanor with no prior convictions may receive a sentence of 1-30 days, with a community punishment authorized and a maximum $1000.00 fine.

24. N.C.G.S. § 15A-1340.17(c) and (d) provides that a Class I felony with one Class A1 misdemeanor conviction (*See* N.C.G.S. § 15A-1340.14(b)(5)) may receive a presumptive sentence of 4-17 months, with a community punishment authorized and a fine subject to the court's discretion.

## COUNT I – VIOLATION OF EQUAL PROTECTION
## (U.S. CONST. AMEND. XIV; 42 U.S.C. §§ 1981(a), 1983)

25. Paragraphs 1 through 24 are realleged and incorporated herein by reference.

26. The citizenship requirement contained in N.C.G.S. § 14-415.12(a)(1), and all other North Carolina statutory language, which restrict lawfully admitted aliens the rights and privileges of carrying concealed firearms based on citizenship, on their face and as applied, are unconstitutional denials of equal protection of the laws and are in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## COUNT II – VIOLATION OF RIGHT TO KEEP AND BEAR FIREARMS
## (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. § 1983)

27. Paragraphs 1 through 26 are realleged and incorporated herein by reference.

28. The citizenship requirement contained in N.C.G.S. § 14-415.12(a)(1), and all other North Carolina statutory language, which restrict lawfully admitted aliens the rights and privileges of carrying concealed firearms based on citizenship, on their face and as applied, violate the Plaintiffs' individual right to possess and

carry a handgun for self-defense as secured by the Second Amendment to the United States Constitution.

## FOR ALL COUNTS

29. Paragraphs 1 through 28 are realleged and incorporated herein by reference.

30. A controversy exists as to whether the citizenship requirement contained in N.C.G.S. § 14-415.12(a)(1) is unconstitutional.

31. A declaration from this Court would settle this issue.

32. A declaration would also serve a useful purpose in clarifying the legal issues in dispute.

33. The Plaintiffs seek a declaration that the citizenship requirement contained in N.C.G.S. § 14-415.12(a)(1) is unconstitutional.

34. In the absence of an injunction, the citizenship requirements of N.C.G.S. § 14-415.12(a)(1) would continue to be enforced and would prevent Felicity and SAF's lawfully admitted alien members residing in North Carolina, from (1) successfully obtaining a concealed carry permit and/or (2) legally carrying a handgun in a concealed manner that any otherwise-qualified citizens may possess and carry concealed in public.

35. The Plaintiffs would continue to suffer irreparable injury if the Court does not issue an injunction.

36. There is no adequate remedy at law because only a declaration and injunction, as opposed to monetary damages, would allow Felicity's, and SAF's

lawfully admitted alien members the opportunity to obtain a permit to carry a handgun in a concealed manner for self-defense.

WHEREFORE, Plaintiffs pray that this Honorable Court:

1. Issue preliminary and permanent injunctions (a) enjoining Defendant BRINDELL B. WILKINS, JR., as Sheriff of Granville County, North Carolina from enforcing the United States citizenship requirement of N.C.G.S. § 14-415.12(a)(1) against the Plaintiffs and/or their members; and

2. Enter the following:

(a) A declaratory judgment that N.C.G.S. § 14-415.12(a)(1), and all other North Carolina statutory language which restricts lawfully admitted aliens firearms rights and privileges based on citizenship, are null and void because they (1) violate the equal protection of the laws guaranteed by the Fourteenth Amendment to the United State Constitution; and (ii) infringe on the right of the people to keep and bear arms in violation of the Second and Fourteenth Amendments to the United States Constitution; and

(b) Issue preliminary and permanent injunctions against the Defendant and his political subdivisions, including officers, agents, and employees thereof, from enforcement of N.C.G.S. § 14-415.12(a)(1) and all other North Carolina statutory language, which restrict lawfully admitted aliens firearms rights and privileges based on citizenship.

3. Award Plaintiffs' attorney's fees and costs pursuant to 42 U.S.C. § 1988.

4. Grant such other and further relief, in law and equity, as the Court deems just and proper.

Dated: June 25, 2014 Respectfully submitted,

By:    /s/ Camden R. Webb, Esq.
One of the Attorneys for Plaintiffs

| Lead Counsel | Local Civil Rule 83.1 Counsel |
|---|---|
| David G. Sigale, Esq. (#6238103 (IL)) | Camden R. Webb, Esq. (#22374 (NC)) |
| LAW FIRM OF DAVID G. SIGALE, P.C. | WILLIAMS MULLEN |
| 739 Roosevelt Road, Suite 304 | 301 Fayetteville Street, Suite 1700 |
| Glen Ellyn, IL 60137 | Raleigh, NC 27601 |
| Tel: 630.452.4547 | Tel. (919) 981-4000 |
| Fax: 630.596.4445 | Fax. (919) 981-4300 |
| dsigale@sigalelaw.com | crwebb@williamsmullen.com |
| *Pro hac vice* Appearance pending | |

*Attorneys for Plaintiffs*