IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-369-BO

| | | |
|---|---|---|
| FELICITY M. VEASEY and SECOND AMENDMENT FOUNDATION, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| BRINDELL B. WILKINS, JR. in his official Capacity as Sheriff of Granville County, North Carolina, | ) ) ) ) ) | |
| Defendant. | ) | |

This matter is before the Court on plaintiff's motion for preliminary injunction [DE 20], and defendant's motion to dismiss [DE 14]. A hearing was held on these matters before the undersigned on January 22, 2015, at 11:00 am in Raleigh, North Carolina. For the following reasons, the Court gives plaintiff twenty (20) days leave to join the necessary parties under Federal Rule of Civil Procedure 19 and defers ruling on pending motions until the necessary parties are joined.

## BACKGROUND

Plaintiffs Felicity Veasey and the Second Amendment Foundation filed suit in this Court against the Sheriff of Granville County, North Carolina (the Sheriff) in his official capacity in July 2014 via 42 U.S.C. § 1983. Ms. Veasey is an Australian citizen who is a legal permanent resident of the United States currently residing in Granville County, North Carolina. The Second Amendment Foundation is a non-profit organization with members in North Carolina dedicated to, *inter alia*, legal action focusing on the Constitutional right to own and possess firearms. Plaintiffs allege that North Carolina General Statute § 14.415-12—which requires a person to

demonstrate American citizenship prior to obtaining a concealed carry permit—violates the Second and Fourteenth Amendments to the United States Constitution. In North Carolina, each county's Sheriff's Office is the issuing authority for concealed carry permits within its county.

## DISCUSSION

The arguments at the hearing demonstrate that the parties are not in disagreement about the substantive issue before the Court. The parties do disagree, however, on whether the State of North Carolina (the State) is a necessary party pursuant to Federal Rule of Civil Procedure 19(a).

Rule 19(a) requires the joinder of a party if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B)(i). The Sheriff contends that the State is a necessary party to the instant lawsuit because it has an interest in preserving the constitutionality of the regulatory scheme enacted by its General Assembly and disposing of this action in the State's absence might impair the State's ability to protect that interest. The Court agrees. Were the Court to rule in plaintiff's favor, collateral estoppel would preclude the Sheriff's Offices, at the very least, within the Eastern District of North Carolina from enforcing North Carolina law without affording the State any ability to protect its own interest in the constitutionality and enforcement of its law.

At this stage, however, the Court does not agree with the Sheriff's argument that the Eleventh Amendment bars the State's joinder and requires dismissal, given that plaintiffs are seeking only prospective injunctive relief. As plaintiffs point out, the proper course of action is amendment, rather than outright dismissal, of the complaint. Accordingly, the Court DIRECTS plaintiffs to amend their complaint to include the appropriate state officer or officers within twenty (20) days of the date of this Order.

CONCLUSION

For the foregoing reasons, plaintiff is DIRECTED to file an amended complaint naming the appropriate state officer or officers pursuant to Fed. R. Civ. P. 19 within twenty (20) days. The Court defers ruling on the pending motions until all required parties are joined.

SO ORDERED, this 22 day of January, 2015.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE