IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-cv-369

| | |
|---|---|
| FELICITY M. TODD VEASEY ) <br> AND SECOND AMENDMENT ) <br> FOUNDATION, INC. ) <br>     Plaintiffs ) <br>   v. ) <br> ) <br> BRINDELL B. WILKINS, JR., in his ) <br> Official capacity as Sheriff of Granville ) <br> County, North Carolina, ) <br> PAT MCCRORY, in his official ) <br> Capacity as Governor of North Carolina, ) <br> ROY COOPER, in his official capacity ) <br> As Attorney General of North Carolina, ) <br> And FRANK L. PERRY, in his official ) <br> Capacity as Secretary of the North ) <br> Carolina Department of Public Safety. ) <br>     Defendants ) | MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MCCRORY, COOPER AND PERRY MOTION TO DISMISS AND IN OPPOSITION TO PLAINTIFFS' AMENDED MOTION FOR PRELIMINARY INJUNCTION |

NOW COME Defendants McCrory, Cooper, and Perry (hereinafter State Defendants), by and through Special Deputy Attorney General Hal F. Askins, and Assistant Attorney General J. Joy Strickland pursuant to Rule 7.3 of the Local Rules of Civil Practice for the Eastern District of North Carolina, and do hereby submit this Memorandum of Law in Support of State Defendants' Motion to Dismiss pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. State Defendants further submit this Memorandum in opposition to Plaintiffs' Amended Motion for Preliminary Injunction.

Statement of the Case

Plaintiffs filed this action by way of a complaint in the Eastern District of North Carolina on or about June 30, 2014. The initial complaint was against Defendant Wilkins, Sheriff of Granville County, North Carolina, in his official capacity. After numerous additional filings leading to a hearing and Order entered on January 22, 2015 by the Honorable District Judge Terrence W. Boyle, Plaintiffs filed their Amended Complaint on February 17, 2015, adding State Defendants as parties. A summons was issued as to each State Defendant on or about February 17, 2015. Plaintiffs purport to bring an action against the State Defendants pursuant to 42 U.S.C § 1983 under the theory that State Defendants deprived Plaintiff Veasey and others similarly situated of their civil rights under color of law. Plaintiffs seek equitable, declaratory and injunctive relief. (Amend. Comp. ¶ 1)

Plaintiffs assert that the provisions of North Carolina General Statutes preventing Plaintiff Veasey and others similarly situated from obtaining a permit to carry a concealed firearm violate the Second Amendment and deny Plaintiffs equal protection under the Fourteenth Amendment. (Amend. Comp. ¶¶ 2 - 4)

Statement of the Facts

Plaintiffs allege that Felicity Veasey is a 39 year old female citizen of Australia who has lived legally in North Carolina since 2001, currently residing in the town of Butner, Granville County, North Carolina. (Amend. Comp. ¶ 8) In 2012 she was notified by the Granville County Sheriff's office that she was ineligible to obtain a permit

to carry a concealed firearm because she was not a citizen [of the United States]. (Amend. Comp. ¶ 12)

Plaintiff Second Amendment Foundation seeks to bring this action on behalf of itself and its members, of which Veasey is one. (Amend. Comp. ¶¶ 13-15)

Plaintiffs further allege that State Defendants are proper parties to this action due to their respective authorities in their official capacities as officers of the executive branch of the State of North Carolina. Specifically it is alleged that Defendant McCrory, in his capacity as Governor is authorized and tasked by the North Carolina Constitution to "take care that the laws be fully executed." (Amend. Comp. ¶ 17)

Plaintiffs support their claim that Defendant Cooper as Attorney General is a proper party by a partial recitation of State statutory language granting the Attorney General the authority, ". . .to appear for the State in any other court or tribunal in any cause or matter, civil or criminal, in which the state may be a party or interested." (Amend. Comp. ¶ 18)

The basis stated for Defendant Perry as Secretary of the North Carolina Department of Public Safety to be included as a party is the Secretary's authority to generally plan and coordinate the efforts of State government law enforcement agencies and to ensure cooperation between state law enforcement and local law enforcement in general crime fighting, to serve as the State's coordinating authority to ensure public safety and the effectiveness of the criminal justice system, and to have charge of the

3

investigation of certain criminal matters designated by statute or assigned by the Governor. (Amend. Comp. ¶ 19)

Plaintiffs identify no acts or threats of action by any State Defendant relating to Plaintiffs or the administration of the provisions of N.C.G.S. Chapter 14, Article 54B governing the issuance of concealed handgun permits.

Standard of Review

In a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the party asserting subject matter jurisdiction has the burden to prove its existence, regardless of the allegations in his complaint. See, e.g., KVOS v. Associated Press, 299 U.S. 269, 278, 57 S. Ct. 197, 201, 81 L. Ed. 183, 188 (1936). A motion to dismiss for lack of jurisdiction may test the legal sufficiency of the allegations to support jurisdiction, or the motion may contest the facts alleged to support jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When determining the existence of subject matter jurisdiction, a court may consider the pleadings as evidence and may also look to evidence outside the pleadings without treating the inquiry as one for summary judgment. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion filed under Rule 12(b)(2) of the Federal Rules of Civil Procedure tests the Court's jurisdiction over an individual. The burden is on the Plaintiffs to demonstrate that jurisdiction is proper. Dean v. Motel 6 Operating L.P., 134 F.3d 1269, 1272 (6th Cir. 1988). Plaintiffs must set forth specific facts showing that the court has jurisdiction over the individual. Weller v. Cromwell Oil Co., 504 F. 2d. 927, 930 (6th Cir. 1974).

4

Although a plaintiff who opposes a Rule 12(b)(2) motion is entitled to have all reasonable inferences drawn in his favor, the court is not required to look solely to plaintiff's proof. Mylan Labs, Inc. v. Akzo, N.V., 2 F.3d 56, rev'd on other grounds, 7 F. 3d 1130 (4th Cir. 1993).

Finally, a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure will be granted when it clearly appears that the Plaintiff can prove no set of facts to support a claim which would entitle him to the requested relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. Neitzke v. Williams, 490 U.S. 319, 326-27 (1989).

## Argument

I. PLAINTIFFS' CLAIMS AGAINST STATE DEFENDANTS ARE BARRED BY THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

The Plaintiffs' claims should be dismissed pursuant to Rule 12 (b) (1) for lack of subject matter jurisdiction. It is well-settled that generally under the Eleventh Amendment, states, state agencies, and state employees sued in their official capacities are immune from suit in federal court. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71, 105 L. Ed. 2d 45, 57-58 (1989) It is noted however, that the Eleventh Amendment permits suits for prospective injunctive relief under limited circumstances. The United States Supreme Court has held:

> [T]he Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent their consent. *Seminole Tribe of Fla.* v. *Florida,* 517 U.S. 44, 54, 134 L. Ed. 2d 252, 116 S. Ct.

5

> 1114 (1996). To ensure the enforcement of federal law, however, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law. Ex parte Young, supra. This standard allows courts to order prospective relief, see Edelman v. Jordan, 415 U.S. 651, 39 L. Ed. 2d 662, 94 S. Ct. 1347 (1974); Milliken v. Bradley, 433 U.S. 267, 53 L. Ed. 2d 745, 97 S. Ct. 2749 (1977), as well as measures ancillary to appropriate prospective relief, Green v. Mansour, 474 U.S. 64, 71-73, 88 L. Ed. 2d 371, 106 S. Ct. 423 (1985).

Frew ex. rel. Frew v. Hawkins, 540 U.S. 431, 437, 124 S. Ct. 899, 157 L.Ed. 2d 855 (2004). For the Eleventh Amendment to permit a suit for injunctive relief against a state actor when the claim at issue is the constitutionality of a state statute, there must be some relationship between the state actors and the enforcement of the statute in question. The Fourth Circuit Court of Appeals has held that in regards to "making an officer of the State a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional it is plain that such officer must have some connection with the enforcement of the act…" Lytle v. Griffith, 240 F.3d. 404, 409 (4th Cir. 2001) (quoting Ex parte Young, 209 U.S. at 157). The required "connection with the enforcement of the act" in question in this complaint is not present with the State Defendants.

The State statute in question in Plaintiffs' complaint is N.C.G.S. § 14-415.12(a)(1) which requires that an applicant for a concealed handgun permit be a citizen of the United States. All duties and responsibilities for determining the eligibility of an applicant for a concealed handgun permit fall to the Sheriffs of North Carolina. See N.C.G.S. §14-415.11 which states that the *sheriff* shall issue a permit to carry a concealed handgun to a person who qualifies for a permit under N.C.G.S. 14-415.12; N.C.G.S. §14-

6

415.12(a) which states that the *sheriff* shall issue a permit to an applicant if the applicant qualifies under the following criteria . . . and (b) the *sheriff* shall deny a permit to an applicant who . . .; N.C.G.S. §14-415.13 which states that a person shall apply to the *sheriff* of the county in which the person resides to obtain a concealed handgun permit; and N.C.G.S. § 14-415.15(a) which states that after receipt of the items listed in N.C.G.S. 14-415.13 from an applicant, and receipt of the required records concerning the mental health or capacity of the applicant, the *sheriff* shall either issue or deny the permit. The sole responsibility of determining the eligibility for, issuance of, or revocation of a concealed carry permit is placed upon the Sheriff.

Sheriffs in this State are separate constitutional officers who are not subject to the authority of the Governor, the Attorney General, nor the Secretary of the Department of Public Safety. N.C. Const. art. VII, § 2. See also Boyd v. Robeson County, 169 N.C. App. 460, 476, 621 S.E. 2d 1, 11 (2005) ("The State has no authority to veto or approve a sheriff's actions within that county."). Thus, neither the Governor, Attorney General nor the Secretary of the Department of Public Safety has the authority to order a Sheriff to take any action or inaction at all in the context of a concealed carry application.

Plaintiffs' assertions that the Governor, Attorney General and the Secretary of the Department of Public Safety are proper parties to this action in their official capacity for the reasons set forth in the complaint as listed below are without merit. (Amend. Comp. ¶¶ 17-19) Plaintiffs do not allege and can cite no legal authority for the proposition that the State Defendants have the statutory or common law authority to issue concealed

7

handgun permits. Instead, Plaintiffs allege that the State Defendants are proper parties because the Governor, Attorney General, and Secretary of the Department of Public Safety are responsible for "enforcing the laws, customs, practices and policies complained of" by Plaintiffs. (Amend. Comp ¶ ¶ 17-19)

Not only do these conclusory assertions fail to demonstrate how any of the State Defendants have engaged in an ongoing violation of the United States Constitution, the Supreme Court in Ex Parte Young expressly rejected the generalized assertions offered by Plaintiffs in their complaint. The State Defendants in this case do not have the required connection to the enforcement of the concealed carry application and permitting process and therefore are not proper parties.

A State official's "[g]eneral authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law." Children's Healthcare is a Legal Duty, Inc. v. Deters, 92 F.3d 1412, 1416 (6th Cir. 1996) (citing 1st Westco Corp. v. School Dist. of Philadelphia, 6 F.3d 108, 113 (3d Cir. 1993)); see also Snoeck v. Brussa, 153 F.3d 984, 986 (9th Cir. 1998) ("[A] generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit") (citing Los Angeles County Bar Ass'n v. Eu, 979 F.2d 697, 704 (9th Cir. 1992)); Mendez v. Heller, 530 F.2d 457, 460 (2d Cir. 1976) (attorney general's duties to support the constitutionality of challenged state statutes and to defend actions in which the state is interested do not make him a proper defendant); Shell Oil Co. v. Noel, 608 F.2d 208, 211

8

(1st Cir. 1979) (general duty of governor "to enforce state laws does not make him a proper defendant in every action attacking the constitutionality of a state statute").

Failure to dismiss the State Defendants from this suit for lack of subject matter jurisdiction based on Eleventh Amendment immunity would allow these State Defendants to become a party in any instance in which the constitutionality of a state statute is questioned regardless of whether there is a special relationship between these parties and the statutory action or enforcement involved.  This would erode the limited exception to Eleventh Amendment immunity created by Ex parte Young and would therefore be erroneous.

II. PLAINTIFFS' ALLEGATIONS FAIL TO MAKE OUT PLAUSIBLE CLAIMS UNDER 42 U.S.C. § 1983 FOR VIOLATIONS OF ANY CONSTITUTIONAL RIGHTS.

A. The State Defendants are not "persons" under 42 U.S.C. § 1983.

Plaintiffs bring this action against the State Defendants in their official capacities under 42 U.S.C. §1983.  For the reasons stated herein, the State Defendants do not qualify as "persons" under 42 U.S.C. §1983 and this Court therefore lacks jurisdiction over the State Defendants.  Consequently, the Plaintiffs' claims should be dismissed pursuant to Rule 12(b)(2) and 12(b)(6) for lack of personal jurisdiction over the State Defendants.

Plaintiffs bring their claims against Governor McCrory, Attorney General Cooper and Secretary Perry in their official capacities under 42 U.S.C. § 1983 for a violation of their constitutional rights.  (Amend. Comp. ¶ 1)  Under § 1983, liability is imposed on

9

"any person who shall subject, or cause to be subjected, any person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws. . . ." 42 U.S.C. § 1983. Accordingly, the federal statute requires a showing of personal fault, whether based upon the defendant's own conduct or another's conduct in executing the defendant's policies or customs. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

In the present case, Plaintiffs have alleged no facts to establish that the State Defendants constitute "persons" under 42 U.S.C. § 1983, such that personal jurisdiction is conferred. Plaintiffs have further failed to allege any set of facts sufficient to draw the necessary nexus between the enforcement of the citizenship requirement in N.C.G.S. §14-415.12 and the State Defendants. To the contrary, for the reasons stated herein in Argument I, the State Defendants have no responsibilities as it relates to the statute alleged to be unconstitutional in this complaint and therefore are not proper parties to this matter and dismissal of the State Defendants is required under Rule 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

B. There is No Second Amendment Right to Carry a Concealed Weapon.

Plaintiffs' complaint alleges that N.C.G.S. § 14-415.12 violates their Second Amendment right to bear arms. As previously set out herein, none of the State Defendants have any specified or implied authority in their stated or plenary powers to issue a concealed carry permit.

The Second Amendment to the constitution provides that a <u>citizen</u> has a right to bear arms. It has not been conclusively established in our courts that the right to bear arms extends to non-citizens. Nor has the right to bear arms been extended to include the right to bear arms in a concealed fashion. To the contrary, the United States Supreme Court has held that "the right secured by the Second Amendment is not unlimited." <u>District of Columbia v. Heller</u>, 554 U.S. 570, 626, 128 S. Ct. 2783 (2008). The Supreme Court in <u>Heller</u> further noted "[f]rom Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose. For example, the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues." <u>Id.</u> (citations omitted)

In addition to <u>Heller</u>, many federal courts have held that the restrictions on carrying concealed do not violate the constitutional rights afforded by the Second Amendment. <u>See</u> <u>Peterson v. Martinez</u>, 707 F.3d 1197 (10th Cir. 2013 (holding Second Amendment does not provide the right to carry a concealed firearm); <u>United States v. Rene E.</u>, 583 F.3d 8, 12 (1st Cir. 2009) ("laws prohibiting the carrying of concealed weapons" are an "example[ ] of 'longstanding' restrictions that [are] 'presumptively lawful' under the Second Amendment") (quoting <u>Heller</u>, 554 U.S. at 626).

Furthermore, it has been held that the Second Amendment rights do not extend to non-citizens. Assuming *arguendo* that the Second Amendment has been interpreted to

11

apply to concealed carry of firearms, this would not be a right afforded to non-citizens such as Plaintiff Veasey. The Supreme Court in <u>Heller</u> started their analysis "with a strong presumption that the Second Amendment right is exercised individually and belongs to all <u>Americans</u>." <u>Heller</u> at 581. (emphasis added) The analysis in <u>Heller</u> demonstrated that the Supreme Court recognized that the right to bear arms afforded by the Second Amendment was a right that in the Court's interpretation was extended to citizens only. The Court indicated "we do not read the Second Amendment to protect the right of <u>citizens</u> to carry arms for any sort of confrontation." <u>Heller</u> at 595. (emphasis added)

Plaintiffs fail to show that the Second Amendment right to bears arms has been violated.

III. **PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.**

When it clearly appears that the Plaintiff can prove no set of facts to support a claim which would entitle him to the requested relief, a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is proper. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. <u>Neitzke v. Williams</u>, 490 U.S. 319, 326-27 (1989).

For the reasons set out above, Plaintiffs have failed to allege sufficient facts to support their claims and entitle them to relief against the State Defendants, therefore the

claims against the State Defendants should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

IV. PLAINTIFFS LACKS STANDING TO ASSERT THEIR CLAIMS FOR INJUNCTIVE RELIEF.

In order to obtain a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure, a plaintiff "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of the equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008); see also The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F. 3d 342 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010) (recognizing that the standard set forth in Winter supplants the previous 4th Circuit standard as set forth in Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F. 2d 189 (4th Cir. 1977)); see also Price v. City of Fayetteville, 2013 U.S. Dist. Lexis 58587 (E.D.N.C. Apr. 23, 2013).

"A preliminary injunction is an extraordinary and drastic remedy," which "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Price at 10. (internal citations omitted) Accordingly, the Fourth Circuit has stated that a plaintiff seeking a preliminary injunction must make a clear showing of likelihood of success and irreparable harm. Id. District Courts within the Fourth Circuit have recognized that when the facts are sharply disputed, a preliminary injunction will not be granted because

13

a preliminary injunction requires a clear showing. Prudential Sec., Inc. v. Plunkett, 8 F. Supp. 2d 514, 516 (E.D.Va. 1998); see Gantt v. Clemson Agr. Coll. Of S.C., 208 F. Supp. 416, 418-19 (W.D.S.C. 1962) ("on an application for preliminary injunction, the Court is not bound to decide doubtful and difficult questions of law or disputed questions of fact.")

In the present case, Plaintiffs cannot satisfy these requirements and lack standing with regard to the claims against the State Defendants. The injunctive relief claims fail for the following reasons. First, Plaintiffs cannot satisfy the element that they are "likely to succeed on the merits." For all of the reason previously stated herein, the claims should be dismissed as a matter of law.

Plaintiffs are apparently seeking an order prohibiting the Governor, Attorney General, and Secretary of the Department of Public Safety "from enforcement" of the provisions of N.C.G.S. § 14-415.12 that requires citizenship for eligibility for a concealed carry permit. The order that the Plaintiffs seek is for actions which the State Defendants have neither authority nor jurisdiction to perform. As stated herein, the Sheriffs of this State are the officials who review and approve or deny a concealed carry permit application. Sheriffs in this State are separate constitutional officers who are not subject to the authority of the Governor, Attorney General, nor the Secretary of the Department of Public Safety. Thus, even if the injunctive relief was provided, the State Defendants are in no position to either issue a concealed carry permit to plaintiff or order the Sheriff to take any action at all in this context.

Furthermore, Plaintiffs cannot satisfy the element of "irreparable harm." First, Plaintiffs argue that their Second Amendment rights are being violated by the enforcement of N.C.G.S. 14-415.12 (a)(1) and that deprivation of rights is deemed to be irreparable harm. As previously set out herein, even if it were determined that the Second Amendment extends to these Plaintiffs, its coverage does not guarantee the right to bear arms in a concealed fashion. Therefore, this argument fails.

Next, Plaintiffs argue in their Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Preliminary Injunction that the "State's law, if not properly enjoined, also poses an immediate threat to public safety, as an entire class of North Carolina residents has been and continues to be wrongfully denied the right and ability [sic] the full ability to defend their persons from criminal attack." (p. 7) There is no assertion in their Complaint that North Carolina law would prohibit Plaintiffs from carrying a firearm in an open fashion or possessing a firearm in their homes for protection. Therefore, any argument that the Plaintiffs assert regarding irreparable harm that would be suffered without the entry of injunctive relief is speculative at best and hence, this argument fails as well.

Conclusion

For the reasons set forth herein, the State Defendants respectfully request that the Plaintiff's Amended Motion for Preliminary Injunction be denied and the Plaintiffs' Amended Complaint be dismissed.

15

Case 5:14-cv-00369-BO   Document 44   Filed 04/02/15   Page 15 of 17

Respectfully submitted, this the 2nd day of April, 2015.

                                    Roy Cooper
                                    ATTORNEY GENERAL

*/s/Hal F. Askins*
Hal F. Askins
Special Deputy Attorney General
North Carolina Department of Justice
P. O. Box 629
Raleigh, North Carolina 27602-0629
Telephone: (919) 716-6725
Facsimile: (919) 716-6552
Email: haskins@ncdoj.gov
N.C. Bar No: 9681


*/s/ J. Joy Strickland*
J. Joy Strickland
Assistant Attorney General
N.C. Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6725
Facsimile: (91) 716-6552
Email: jstrickland@ncdoj.gov
State Bar No. 25695

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing MOTION TO DISMISS with the Clerk of Court using the CM/ECF system, and served a copy on the following by depositing same in the United States mail, postage prepared, addressed to:

David G. Sigale, Esq.
Law Firm of David G. Sigale, P.C.
739 Roosevelt Road
Suite 304301
Glen Ellyn, Il 60137
*Attorney for Plaintiffs*

Camden R. Webb, Esq.
Williams Mullen
301 Fayetteville Street, Suite 1700
Raleigh, North Carolina 27601
*Attorney for Plaintiffs*

James C. Wrenn, Jr.
Hopper Hicks & Wrenn, PLLC
111 Gilliam Street
Oxford, North Carolina 27565
*Attorney for Defendant Wilkins*

Andrew H. Erteschik
Poyner Spruill, LLP
Post Office Box 1801
Raleigh, North Carolina 27602
*Attorney for Defendant Wilkins*

This the 2nd day of April, 2015.

>   */s/ Hal F. Askins*
>   Hal F. Askins
>   Special Deputy Attorney General