IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-369-BO

| | |
|---|---|
| FELICITY M. VEASEY and SECOND AMENDMENT FOUNDATION, INC., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BRINDELL B. WILKINS, JR. in his official )<br>Capacity as Sheriff of Granville County, North )<br>Carolina, *et al.* )<br>Defendants. ) | ORDER |

This matter is before the Court on plaintiff's motion for preliminary injunction [DE 20]. A hearing was held before the undersigned on January 22, 2015, at 11:00 am in Raleigh, North Carolina, after which the Court ordered plaintiff to add the necessary parties. [DE 31, 32]. After plaintiff complied, a second hearing was held in Raleigh on April 16, 2015 at 2:00 pm. For the following reasons, plaintiff's motion is GRANTED.

## BACKGROUND

Plaintiffs Felicity Veasey and the Second Amendment Foundation filed suit in this Court against the Sheriff of Granville County, North Carolina (the Sheriff), Governor Pat McCrory, Roy Cooper, the Attorney General, and Frank Perry, the Secretary of the Department of Public Safety, via 42 U.S.C. § 1983. Ms. Veasey is an Australian citizen who is a legal permanent resident of the United States currently residing in Granville County, North Carolina. The Second Amendment Foundation is a non-profit organization with members in North Carolina dedicated to, *inter alia*, legal action focusing on the Constitutional right to own and possess firearms. Plaintiffs allege that North Carolina General Statute § 14.415–12—which requires a person to demonstrate American citizenship prior to obtaining a concealed carry permit—violates the

Second and Fourteenth Amendments to the United States Constitution. In North Carolina, each county's Sheriff's Office is the issuing authority for concealed carry permits within its county.

DISCUSSION

"A preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (quotation and citation omitted). A movant must make a clear showing of each of four elements before a preliminary injunction may issue: (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Plaintiffs have demonstrated that they are entitled to a preliminary injunction in this instance. In pertinent part, the Second Amendment states that "the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. The Supreme Court has stated that "the people" in refers to "persons who are part of a national community or who have otherwise developed sufficient connections with this country to be considered part of that community." *United States v. Verdugo-Urquidez*, 494 U.S. 259, 265 (1990). The Fourteenth Amendment guarantees all persons equal protection of the law. U.S. Const. amend. XIV. State action violates the Fourteenth Amendment if it separates individuals into discrete classes based on citizenship and subjects those individuals to disparate treatment. *Graham v. Richardson*, 403 U.S. 365, 371, 377 (1971). The Fourteenth Amendment "encompasses lawfully admitted resident aliens as well as citizens of the United States and entitles both citizens and aliens to the equal protection of the laws of the State in which they reside." *Id.* at 371.

It is abundantly clear that resident aliens possess many of the same Constitutional rights as citizens in a variety of other situations. *See, e.g., Kwong Hai Chew v. Colding*, 344 U.S. 590,

2

596 (1953) (explaining that a resident alien is a "person" within the meaning of the Fifth Amendment); *Bridges v. Wixon*, 326 U.S. 135, 161–62 (1945) (Murphy, J., concurring) (holding that resident aliens have First Amendment Rights); *Wong Wing v. United States*, 163 U.S. 228, 237 (1896) (holding that resident aliens are entitled to Fifth and Sixth Amendment rights). Moreover, other courts to consider this issue have ruled that resident aliens possess Second Amendment rights. *See, e.g., Fletcher v. Haas*, 851 F. Supp. 2d 287, 301 (D.Mass. 2012); *Foutoudis v. City and County of Honolulu*, No. 1400333 JMS-RLP, 2014 WL 4662385 (D.Haw. Sept. 17, 2014); *Washington v. Ibrahim*, 269 P.3d 292, 296–97 (Wash. App. Div. 3, 2011). Two federal courts have actually ruled that similar, though not identical, statutes violated the Second Amendment. *Fletcher,* 851 F. Supp. 2d. at 304; *Haas*, 2014 WL 4662385 at *5. Additionally, a federal court found that a very similar state statute violated the Fourteenth Amendment's Equal Protection Clause. *Smith v. South Dakota*, 781 F.Supp.2d 886–87 (D.S.D 2011).

No defendant has proffered a strong argument in support of limiting the concealed carry statute to citizens. No defendant objected to plaintiffs' characterization in court that resident aliens are allowed to possess firearms on their premises and are even allowed to carry firearms openly in North Carolina. In fact, the Sheriff stated in court that he agreed with plaintiffs that the law at issue in this case was unconstitutional. In light of other court rulings, the law in North Carolina, and defendants' postures in this case, plaintiffs have demonstrated that they are likely to succeed on the merits.

The Court further finds that in the absence of preliminary injunctive relief, plaintiffs will suffer irreparable harm. The deprivation of a constitutional right, even if only briefly, constitutes irreparable harm. *Dean v. Leake*, 550 F.Supp.2d 594, 602 (E.D.N.C. 2008) (citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *see also Centro Tepeyac v. Montgomery County*, 722 F.3d

3

184, 191 (4th Cir. 2013) (First Amendment); *Legend Night Club v. Miller*, 637 F.3d 291, 302 (4th Cir. 2011) (First Amendment); *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 362 (4th Cir. 1991) (Fourteenth Amendment). When the harm alleged by a plaintiff is the deprivation of a constitutional right, the likelihood of success on the merits is so "inseparably linked" to the proving of an actual harm that the court may proceed directly to consider the merits of plaintiff's action. *Giovanni Carandola, Ltd. v. Bason,* 303 F.3d 507, 511 (4th Cir. 2002). As plaintiffs allege constitutional harms and have established their likelihood of success on the merits, they have likewise established the existence of irreparable harm based on the infringements of their constitutional rights.

Traditional legal remedies are inadequate to relieve the harm in this case. The inability to carry a concealed firearm for self-defense cannot be quantified by money damages any more than can the experience of being discriminated against solely based on one's citizenship status. In contrast, compliance with the law is not a cognizable hardship on a defendant. *Carandola*, 303 F.3d at 521 ("[A] state is in no way harmed by issuance of a preliminary injunction which prevents the state from enforcing restrictions likely to be found unconstitutional. If anything, the system is improved by such an injunction.").

Finally, the public interest clearly weighs in favor of any injunction in this case. The public interest lies with protecting Constitutional rights for those who are otherwise law-abiding members of society. Moreover, as plaintiffs have shown a likelihood of success on the merits, the public interest lies with preserving the funding and prohibiting what appears to be a violation of the law.

4

Accordingly, plaintiffs have established all four elements showing that they are entitled to the extraordinary remedy of a preliminary injunction. Defendants, their officers, agents, servants, and employees are hereby PRELIMINARILY ENJOINED from:

a. Enforcing the United States citizenship requirement of N.C.G.S. § 14-415.12(a)(1), including against plaintiffs and their members;

b. Enforcing any other sections of the North Carolina General Statutes which restrict lawfully admitted aliens', including plaintiffs and their members', firearm rights and privileges based on citizenship.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for preliminary injunction [DE 20] is GRANTED.

SO ORDERED, this 23 day of April, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5