UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| FELICITY M. TODD VEASEY and SECOND AMENDMENT FOUNDATION, INC.,<br><br>        Plaintiffs,<br><br>  v.<br><br>BRINDELL B. WILKINS, JR., in his official capacity as Sheriff of Granville County, North Carolina, PAT McCRORY, in his official capacity as Governor of North Carolina, ROY COOPER, in his official capacity as Attorney General of North Carolina, and FRANK L. PERRY, in his official capacity as Secretary of the North Carolina Department of Public Safety,<br><br>        Defendants. | No. 5:14-cv-00369-BO |
| KIRSTEN MESSMER,<br><br>        Plaintiff,<br><br>  v.<br><br>DONNIE HARRISON, in his Official Capacity as Sheriff of Wake County, North Carolina, PAT McCRORY, in his Official Capacity as Governor of North Carolina, ROY COOPER, in his Official Capacity as Attorney General of North Carolina, and FRANK L. PERRY, in his Official Capacity as Secretary of the North Carolina Department of Public Safety,<br><br>        Defendants. | No. 5:15-cv-00097-BO |

**MEMORANDUM IN SUPPORT OF SHERIFF BRINDELL B. WILKINS, JR.'S AND SHERIFF DONNIE HARRISON'S UNOPPOSED RULE 54(B) MOTIONS TO AMEND PRELIMINARY INJUNCTIONS**

## FACTUAL AND PROCEDURAL BACKGROUND

In both of the above-captioned cases, the individual Plaintiffs are aliens lawfully admitted to the country for permanent residence (hereinafter "lawful permanent resident aliens"[1]) who sought a preliminary injunction prohibiting enforcement of the citizenship requirement of N.C. Gen. Stat. § 14.415-12. No individual has been identified in either case with Article III standing to challenge whether "lawfully admitted aliens" – as opposed to lawful permanent resident aliens – are entitled to injunctive relief from the citizenship requirement imposed by the State of North Carolina in N.C. Gen. Stat. § 14.415-12.

On April 24, 2015, the Court issued preliminary injunction orders in the above-captioned cases prohibiting the enforcement of all "sections of the North Carolina General Statutes which restrict *lawfully admitted aliens'* . . . firearm rights and privileges based on citizenship." (No. 5:14-cv-00369-BO, DE 46 at 5; No. 5:15-cv-00097-BO DE 24 at 5) (emphasis added). The Sheriffs are concerned that the use of the term "lawfully admitted aliens" in the Court's preliminary injunction orders has the potential to bring about unintended consequences. The Sheriffs raise these issues for the benefit of the Court and in the interest of public safety.

For the reasons that follow, Defendants Brindell B. Wilkins, Jr. and Donnie Harrison ("the Sheriffs") respectfully move the Court for an order amending its April 24, 2015 preliminary injunction orders to clarify that the orders pertain only to lawful permanent resident aliens. No other party opposes the motion.

## DISCUSSION

Rule 54(b) of the Federal Rules of Civil Procedure provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and

---

[1] A lawful permanent resident alien is an alien who has been granted the privilege of residing permanently in the United States. 8 U.S.C. § 1101(a)(20).

liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Rule 54(b) is the "proper vehicle" to request that the district court amend an interlocutory order. *Moore v. Life Ins. Co. of N. Am.*, 278 Fed. Appx. 238, 241 (4th Cir. 2008) (unpublished).

The Court's April 24, 2015 orders preliminarily enjoin the enforcement of "sections of the North Carolina General Statutes which restrict *lawfully admitted aliens'* . . . firearm rights and privileges based on citizenship." (No. 5:14-cv-00369-BO, DE 46 at 5; No. 5:15-cv-00097-BO DE 24 at 5) (emphasis added). The use of the term "lawfully admitted alien" mirrors the term used by Ms. Veasey and the Second Amendment Foundation, Inc. in their Amended Complaint. (No. 5:14-cv-00369-BO, DE 33 at ¶¶ 13, 29, 31, 37, 39, and p. 11 at ¶2). By contrast, the Complaint filed by Ms. Messmer uses the narrower term "lawful permanent resident alien," which reflects the status of the only individual plaintiffs with Article III standing in the above-captioned cases. (No. 5:15-cv-00097-BO, DE 1 at 9).

There is an important difference between these two terms. The term "lawful permanent resident alien" used in Ms. Messmer's Complaint denotes a subcategory of the much broader term "lawfully admitted aliens" and refers only to certain "lawfully admitted aliens" who are admitted to the country for permanent residence. On the other hand, the term "lawfully admitted alien" would necessarily include any alien who is lawfully admitted into the country, regardless of purpose. This includes aliens lawfully admitted on non-immigrant visas or, in some cases, without visas at all. For example, aliens on a non-immigrant visitor visa, student visa, tourist visa, or any work-based or family-based visa are not permanent resident aliens like the individual Plaintiffs but would presumably constitute "lawfully admitted aliens." Likewise, foreign

nationals from visa-waiver countries (e.g., European Union nations) who gain entry to the country without any visa are not permanent resident aliens like the individual Plaintiffs but would presumably constitute "lawfully admitted aliens."

The distinction between "permanent resident aliens" and "lawfully admitted aliens" is important. The U.S. Supreme Court has recognized that lawful permanent resident aliens enjoy greater constitutional rights than lawfully admitted non-immigrant aliens. *See United States v. Verdugo-Urquidez*, 494 U.S. 259, 271 (1990) (contrasting Fourth Amendment rights available to lawful permanent resident aliens versus lawfully admitted non-immigrant aliens and observing that aliens only "receive constitutional protections when they have come within the territory of the United States *and developed substantial connections with the country*") (emphasis added); *see also Johnson v. Eisentrager*, 339 U.S. 763, 770 (1950) (recognizing that aliens are entitled to an "ascending scale of rights" as they increase their identity with the United States). Consequently, the government may distinguish between lawful permanent resident aliens and lawfully admitted non-immigrant aliens – a distinction that results in mere rational basis review, as opposed to strict scrutiny. *See, e.g.*, *LeClerc v. Webb*, 419 F.3d 405 (5th Cir. 2005) (applying rational basis review to uphold Louisiana law prohibiting non-immigrant aliens, but not permanent resident aliens, from sitting for State Bar exam); *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523 (6th Cir. 2007) (applying rational basis review to uphold Tennessee law prohibiting non-immigrant aliens from obtaining equal driver's license privileges as permanent resident aliens).

The distinction between lawful permanent resident aliens and "lawfully admitted aliens" is particularly important in the context of firearm laws. The federal Gun Control Act does not impose restrictions on lawful permanent resident aliens such as the individual Plaintiffs, yet

outside of a few limited exceptions, the Act prohibits the mere *possession* of a firearm by lawfully admitted non-immigrant aliens and provides for a maximum term of imprisonment of up to ten years. 18 U.S.C. § 922(g)(5)(B) (prohibiting the possession of "any firearm or ammunition" by an "alien . . . admitted to the United States under a non-immigrant visa"); *see also id.* at § 922(y)(2) (providing narrow exceptions for non-immigrant aliens with a hunting license, certain foreign diplomats, and foreign law enforcement officers).

Under the Court's preliminary injunctions, however, such lawfully admitted non-immigrant aliens would appear to be entitled to the full range of "firearms rights and privileges" as North Carolina citizens. (No. 5:14-cv-00369-BO, DE 46 at 5; No. 5:15-cv-00097-BO DE 24 at 5). In Wake County, Sheriff Harrison's Office has already received inquiries from non-immigrant aliens who apparently wish to avail themselves of the Court's orders.

Given that the only individuals with standing to challenge the citizenship requirement of N.C. Gen. Stat. § 14.415-12 in this case are permanent resident aliens, as opposed to non-immigrant aliens, the Sheriffs seek clarity on whether the Court intended its orders to apply only to "lawful permanent resident aliens" such as the Plaintiffs. If the orders apply instead to all "lawfully admitted aliens," which would necessarily include lawfully admitted non-immigrant aliens, then the orders would apply to individuals who are prohibited by federal law from possessing a firearm, much less obtaining a concealed carry permit or enjoying other "firearms rights and privileges" enjoyed by North Carolina citizens. (No. 5:14-cv-00369-BO, DE 46 at 5; No. 5:15-cv-00097-BO DE 24 at 5). The Sheriffs believe that the Court may not have intended this result.

In light of the public safety and potential national security issues raised above, the undersigned contacted the State's counsel to request that the State of North Carolina raise these

issues with the Court through the state official Defendants in this action who are responsible for enforcing the state laws preliminarily enjoined by the Court's April 25, 2014 orders. Through their counsel, Governor McCrory, Attorney General Cooper, and Secretary of Public Safety Perry were made aware of the issues above but declined to raise them with the Court or take an official position on the matter.

The undersigned also reached out to counsel for the Plaintiffs in the above-captioned cases. The Plaintiffs do not oppose the relief requested by the instant motion nor do they wish to be heard on the matter.

## CONCLUSION

For the foregoing reasons, the Sheriffs respectfully request that the Court amend its April 24, 2015 preliminary injunction orders (No. 5:14-cv-00369-BO, DE 46 at 5; No. 5:15-cv-00097-BO DE 24 at 5) to remove the term "lawfully admitted aliens" and replace it with the term "lawful permanent resident aliens."

Respectfully submitted the 8th day of May, 2015.

                    **POYNER SPRUILL LLP**

                    By:   s/ Andrew H. Erteschik
                          Andrew H. Erteschik
                          N.C. State Bar No. 35269
                          aerteschik@poynerspruill.com
                          P.O. Box 1801
                          Raleigh, NC 27602-1801
                          Telephone: 919.783.2895
                          Facsimile: 919.783.1075

                          **COUNSEL FOR SHERIFF BRINDELL B. WILKINS, JR. AND SHERIFF DONNIE HARRISON**

# CERTIFICATE OF SERVICE

    I hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record as follows:

Camden R. Webb
Williams Mullen
301 Fayetteville St., Suite 1700
P. O. Box 1000
Raleigh, NC 27601
*Counsel for Plaintiff Kirsten Messmer and Local Rule 83.1 Counsel for Plaintiffs Felicity M. Todd Veasey and Second Amendment Foundation, Inc.*

Hal F. Askins
J. Joy Strickland
N.C. Dept. of Justice
9001 Mail Service Center
Raleigh, NC 27699-9001
*Counsel for Defendants Governor Pat McCrory, Attorney General Roy Cooper and Frank L. Perry*

David G. Sigale
Law Firm of David G. Sigale, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, IL 60137
dsigale@sigalelaw.com
*Lead Counsel for Plaintiffs Felicity M. Todd Veasey and Second Amendment Foundation, Inc.*

This the 8th day of May, 2015.

                                       s/ Andrew H. Erteschik
                                       Andrew H. Erteschik