

**JACQUELINE MOORE, individually and as administrator of the Estate of Keith Karwacki, deceased, Plaintiff - Appellant, v. LIFE INSURANCE COMPANY OF NORTH AMERICA, a foreign corporation; CIGNA CORPORATION, d/b/a Cigna Group Insurance, a foreign corporation, Defendants - Appellees, and METROPOLITAN LIFE INSURANCE COMPANY, a foreign corporation, Defendant, v. SHARON L. KARWACKI; DEBORAH NAUGHTON, Third Party Defendants - Appellees.**

No. 07-1168

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

*278 Fed. Appx. 238*; *2008 U.S. App. LEXIS 10461*; *44 Employee Benefits Cas. (BNA) 2224*

**April 7, 2008, Submitted**
**May 15, 2008, Decided**

**NOTICE:** PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**SUBSEQUENT HISTORY:** Appeal after remand at, Summary judgment granted, in part, summary judgment denied, in part by, Costs and fees proceeding at, Motion denied by, Motion granted by *Moore v. Life Ins. Co. of N. Am., 2010 U.S. Dist. LEXIS 28803 (N.D. W. Va., Mar. 25, 2010)*

**PRIOR HISTORY:** [**1]
Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Senior District Judge. (5:05-cv-00169-FPS).
*Moore v. Life Ins. Co. of N. Am., 2006 U.S. Dist. LEXIS 71897 (N.D. W. Va., Sept. 29, 2006)*

**DISPOSITION:** REVERSED AND REMANDED.

**COUNSEL:** Brent K. Kesner, Ellen R. Archibald, KESNER, KESNER & BRAMBLE, PLLC, Charleston, West Virginia, for Appellant.

John C. Lynch, Jon S. Hubbard, TROUTMAN SANDERS LLP, Virginia Beach, Virginia; Damon L. Ellis, MANI & ELLIS, PLLC, Charleston, West Virginia; Scott Steven Blass, BORDAS & BORDAS, Wheeling, West Virginia for Appellees.

**JUDGES:** Before MOTZ, TRAXLER, and KING, Circuit Judges.

**OPINION**

 [*239]  PER CURIAM:

Jacqueline Moore appeals the district court's orders granting Appellees LINA/CIGNA's motion to dismiss her state law claims as preempted under the Employee Retirement Income Security Act ("ERISA"), *29 U.S.C. § 1132(a)(1)(B) (2000)* and granting LINA/CIGNA's motion for summary judgment as to the remaining claim.

I.

Around 2:00 a.m. on February 28, 2003, Moore's

son, Keith Karwacki, was driving his motorcycle without a helmet at an estimated speed of 80 to 100 mph in a posted speed limit zone of 40 mph. When he lost control and crashed into the rear of a street sweeper traveling around 5 mph in the far right lane of an open [**2] highway, he died instantly on impact. A toxicology report found that Karwacki's blood alcohol content was 0.16 percent at the time of the crash, double Florida's legal limit of 0.08 percent. Investigating police officers concluded Karwacki was the sole cause of the crash due to the influence of alcohol.

Karwacki was employed by American Airlines. Through his employment, he was covered by an insurance policy issued by Life Insurance Company of North America ("LINA") and CIGNA Corporation ("CIGNA") that included accidental death and dismemberment ("AD&D") benefits. Moore submitted a claim for AD&D benefits to LINA, which denied the claim because it did not consider Karwacki's death an accident, due to his intoxication. [1]

> 1 CIGNA was not involved in the administration of benefit claims under the plan.

After exhausting administrative appeals, Moore filed a lawsuit in West Virginia state court asserting various state law claims. Moore denied that the policy fell under ERISA, but later amended her complaint to include, in the alternative, a single count under ERISA should it be determined that the AD&D policy was subject to ERISA. LINA/CIGNA thereafter removed the case to federal court and [**3] filed a motion to dismiss Moore's state law claims as preempted by ERISA. The district court subsequently granted LINA/CIGNA's *Rule 12(b)(6)* motion to dismiss, denied Moore's *Rule 59(e)* motion to alter or amend that decision, denied Moore's *Rule 54(b)* motion to certify the ruling as final, and granted LINA/CIGNA's later motion for summary judgment as to the remaining ERISA claim.

II.

On appeal, Moore first claims the district court erred when it granted LINA/CIGNA's *Rule 12(b)(6)* motion to dismiss her state law claims, arguing that the AD&D policy is not subject to ERISA. We review the district court's decision to grant a motion to dismiss de novo. *See Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996)*. The factual allegations in the complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff. *Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)*. A *Rule 12(b)(6)* dismissal motion tests the sufficiency of a complaint, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses. *Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)*.

With few exceptions, [**4] ERISA applies to all employee benefit plans established or [*240] maintained by an employer engaged in commerce. *29 U.S.C.A. § 1003(a)(West 1999 & Supp. 2007)*. "The existence of a plan may be determined from the surrounding circumstances to the extent that a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits." *Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 417 (4th Cir. 1993)* (quoting *Donovan v. Dillingham, 688 F.2d 1367, 1373 (11th Cir. 1982)* (en banc)). "Thus, for ERISA to apply, there must be (1) a plan, fund or program, (2) established or maintained (3) by an employer, employee organization, or both, (4) for the purpose of providing a benefit, (5) to employees or their beneficiaries." *Custer, 12 F.3d at 417*. By regulation, certain group insurance programs are excluded from ERISA if they meet four requirements:

> (1) No contributions are made by the employer or employee organization;
>
> (2) Participation in the program is completely voluntary for employees or members;
>
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer [**5] to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
>
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

*29 C.F.R. § 2510.3-1(j) (2007)*. There must be some payment and manifestation of intent by the employer or employee organization to provide a benefit to the employees or the employees' beneficiaries of the type described in *29 U.S.C. § 1002(1)*.

Here, the district court found that the policy was subject to ERISA and, therefore, that the state law claims were preempted. However, when evaluating whether ERISA preempted the state law claims, LINA/CIGNA had not yet provided a copy of the policy at issue or a summary of its provisions to the court. Consequently, the district court relied solely upon the allegations of Moore's complaint and, in particular, Moore's alternative assertion in the amended complaint that the policy is part of an "employee benefit [**6] plan" pursuant to the provisions of ERISA. The district court also relied upon Moore's allegations that all premiums for the policy had been paid as due, that the insurance companies provided benefits for one of the statute's specified benefit purposes, and that the policies issued by LINA/CIGNA provided benefits to eligible employee participants, including intended beneficiary Karwacki.

The parties did not address the *§ 2510.3-1(j)* exception prior to LINA/CIGNA's *12(b)(6)* motion to dismiss, and the district court did not address the exception in its order. However, Moore contended from the outset that her claims did not fall within ERISA, asserted the ERISA claim only in the alternative, and argued that the alternative count should not be considered an acknowledgment of the policy's status as an ERISA plan. In addition, Moore asserted that the motion to dismiss under ERISA was premature because LINA/CIGNA had not yet served their *Rule 26(a)(1)* disclosures and because discovery on the issue was necessary to determine the status of the policy. In short, Moore asked that the court stay or defer ruling on the motion to dismiss her state law claims under ERISA until [*241] LINA/CIGNA had established [**7] that the policy was, in fact, an ERISA plan.

Shortly after the district court granted the motion to dismiss, Moore filed a motion to alter or amend the order under *Rule 59(e)*, along with a copy of the policy, based specifically upon the exception, arguing that new facts had come to light (including production of the policy claim file and a copy of the policy at issue) that demonstrated that the policy was not subject to ERISA as a matter of law and, more specifically, that *§ 2510.3-1(j)* applied. In the alternative, Moore sought relief under *Rule 54(b)*, asking the district court to certify the *Rule 12(b)(6)* dismissal as a final and appealable order.

The district court denied the motion to alter or amend on procedural grounds, ruling that because *Rule 59(e)* motions only apply to final judgments and the *Rule 12(b)(6)* motion was an interlocutory ruling, the *Rule 59(e)* motion was not appropriate. The district court also denied Moore's *Rule 54(b)* request to certify the *Rule 12(b)(6)* ruling as final. Consequently, the district court did not reach the merits of the *§ 2510.3-1(j)* exception and has, to date, never specifically addressed the question of whether the exception applies. [2]

> 2 We express [**8] no opinion as to the merits of the exception, but note that it appears that American Airlines collected premiums through payroll deductions, but apparently did not contribute anything itself. It is unclear if it had any other function.

III.

We conclude that the district court erred in granting LINA/CIGNA's motion to dismiss Moore's state law claims based solely upon the allegations of the complaint and, in particular, upon the alternative ERISA count that Moore alleged in the event the policy was demonstrated to be subject to ERISA. While the *§ 2510.3-1(j)* exception was not raised by Moore until the motion to alter or amend was filed, the AD&D policy was not before the district court for consideration at the time the *Rule 12(b)(6)* motion was granted. Moore at all times argued in opposition to that motion that a ruling was premature and specifically requested that the ruling be delayed pending LINA/CIGNA's production of information and evidence refuting her primary allegation that the claims arose not under an ERISA plan, but rather pursuant to West Virginia state law. [3]

> 3 The proper vehicle for Moore to have raised a motion to reconsider was *Rule 54(b)*, which also provides that, in [**9] the absence of certification under the first sentence, "the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *Fed. R. Civ. P. 54(b)*. Here, Moore filed a motion to alter or amend under *Rule 59(e)* and,

in the alternative, for certification under *Rule 54(b)*. Although we conclude that the *Rule 12(b)(6)* dismissal was erroneous in its own right, we think it would have been proper for the district court to have reconsidered the interlocutory ruling under the second sentence of *Rule 54(b)* and, thereby, to have addressed the *§ 2510.3-1(j)* exception at that time.

We agree that the district court's dismissal of Moore's state law claims for failure to state a claim under *Rule 12(b)(6)* was premature and, without further inquiry of LINA/CIGNA or examination of the policy at issue, in error. Accordingly, we reverse the district court's order granting LINA/CIGNA's motion to dismiss the state law claims and remand the case to the district court for further proceedings as to whether the policy is subject to ERISA or excluded under the *§ 2510.3-1(j)* exception. We also vacate the [**10] district court's decision granting LINA/CIGNA's motion for summary judgment as to [*242] Moore's alternative ERISA count, expressing no opinion as to the merits of that decision. Should the district court determine that the AD&D policy is subject to ERISA on remand and dismiss the state law claims anew on that basis, it is free to reconsider the motion for summary judgment as to the ERISA count at that time. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*REVERSED AND REMANDED*