IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-369-BO

| | |
|---|---|
| FELICITY M. VEASEY and SECOND AMENDMENT FOUNDATION, INC., Plaintiffs, | ) ) ) ) |
| v. | ) **ORDER** ) |
| BRINDELL B. WILKINS, JR. in his official Capacity as Sheriff of Granville County, North Carolina, *et al.* Defendants. | ) ) ) ) ) |

Pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, plaintiff is directed to pay a nominal bond of $1.00 as security to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained pursuant to the preliminary injunction entered by the Court on April 24, 2015. [DE 46]. The amount of the bond required by Rule 65(c) depends upon the gravity of the potential harm inflicted on the defendant by a wrongfully issued injunction. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174. F.3d 411, 421 (4th Cir. 1999). If the risk of harm is remote or non-existent, a nominal bond may suffice. *Id.* Given that no defendant proffered a strong argument in support of limiting the concealed carry statute at issue in this case to citizens, and that the Sheriff stated that he agreed with plaintiffs that the statute was unconstitutional, the Court finds that the risk of harm to plaintiffs is remote and a nominal bond will suffice.

SO ORDERED, this 26 day of May, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE