IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-369-BO

| | |
|---|---|
| FELICITY M. VEASEY and SECOND AMENDMENT FOUNDATION, INC., ) ) ) Plaintiffs, ) ) v. ) ) BRINDELL B. WILKINS, JR. in his official ) Capacity as Sheriff of Granville County, North ) Carolina, *et al.* ) Defendants. ) | ORDER |

This matter is before the Court on defendants' respective motions to dismiss, which are all ripe for adjudication. [DE 14, 36, 43]. For the following reasons, the motion to dismiss filed by defendants Pat McCrory, Roy Cooper, and Frank L. Perry [DE 43] is GRANTED, and the motions to dismiss filed by defendant Brindell B. Wilkins, Jr. [DE 14, 36] are DENIED.

## BACKGROUND

Plaintiffs Felicity Veasey and the Second Amendment Foundation filed suit in this Court against the Sheriff of Granville County, North Carolina (the Sheriff), and Governor Pat McCrory, Roy Cooper, the Attorney General, and Frank Perry, the Secretary of the Department of Public Safety (collectively, the state defendants), via 42 U.S.C. § 1983. Ms. Veasey is an Australian citizen who is a legal permanent resident of the United States currently residing in Granville County, North Carolina. The Second Amendment Foundation is a non-profit organization with members in North Carolina dedicated to, *inter alia*, legal action focusing on the Constitutional right to own and possess firearms. Plaintiffs allege that North Carolina General Statute § 14.415–12—which requires a person to demonstrate American citizenship prior to obtaining a concealed carry permit—violates the Second and Fourteenth Amendments to

the United States Constitution. In North Carolina, each county's Sheriff's Office is the issuing authority for concealed carry permits within its county.

In April 2015, the Court granted plaintiff's motion for a preliminary injunction and preliminarily enjoined defendants from enforcing the United States citizenship requirement of NCGS 14–415.12(a)(1) against lawful permanent residents and from enforcing any other sections of the North Carolina general Statutes which restrict the firearm rights and privileges of lawful permanent residents based on citizenship. Now, the state defendants move to dismiss pursuant to Rules 12(b)(1), (2), and (6), while the Sheriff moves to dismiss pursuant to Rules 12(b)(6) and (7) of the Federal Rules of Civil Procedure.

## DISCUSSION

1. State Defendants' Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). When a facial challenge to subject matter jurisdiction is raised, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Kerns v. United States,* 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). The facts alleged by the plaintiff in the complaint are then taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.* The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

States, state agencies, and state employees sued in their official capacities are immune from suit in federal court. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989). The Eleventh Amendment, however, does permit suits for prospective injunctive relief against state officials acting in violation of federal law. *Ex parte Young*, 209 U.S. 123 (1908). In regards to "making an officer of the State a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional it is plain that such officer must have some connection with the enforcement of the act . . . ." *Lytle v. Griffith*, 240 F.3d 404, 409 (4th Cir. 2001) (quoting *Ex parte Young*, 209 U.S. at 157). A state official's "[g]eneral authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law." *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1416 (6th Cir. 1996) (citation omitted); *see also Mendez v. Heller*, 530 F.2d 457, 460 (2d Cir. 1976); *Shell Oil Co. v. Noel*, 608 F.2d 208, 2011 (1st Cir. 1979). In sum, there must be some specific relationship between the state actors sued and the enforcement of the statute in question.

Here, plaintiffs have not alleged that the state defendants had any involvement in the concealed handgun permitting process. This is unsurprising, given that all duties and responsibilities for determining the eligibility of an applicant for a concealed handgun permit fall to the county sheriffs under North Carolina law. *See* N.C. Gen. Stat. §§ 1–415.11; 14–415.12(a); 14–415.13; 14–415.15(a). Moreover, sheriffs in North Carolina are separate constitutional officers not subject to the authority of the Governor, Attorney General, or Secretary of the Department of Public Safety. N.C. Const. art. VII, § 2; *see also Boyd v. Robeson County*, 621 S.E.2d 1, 11 (N.C. Ct. App. 2005) ("The State has no authority to veto or approve a sheriff's action within that county."). Thus, none of the named state defendants has any authority to order a Sheriff to take any action in the context of a concealed carry application. Plaintiff has neither

3

alleged nor argued that the state defendants have any specific connection to the concealed carry permitting process, but instead relies on their general obligation to defend the constitutionality of North Carolina's statutes. This general assertion of authority is insufficient to overcome Eleventh Amendment immunity, thus plaintiff's claims against the state defendants must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Because the Court lacks subject matter jurisdiction, it declines to consider the remainder of defendants' arguments.

### 2. Sheriff Brindell B. Wilkins's Motion to Dismiss

Sheriff Wilkins moves to dismiss the amended complaint pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure. [DE 36]. A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc., v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000).

Interestingly, at a hearing on the motion for preliminary injunction, the Sheriff admitted that the law at issue in this case was unconstitutional. This is unsurprising given other district court rulings on this issue. See, e.g., *Fletcher v. Haas*, 851 F. Supp. 2d 287, 301 (D.Mass. 2012);

*Foutoudis v. City and County of Honolulu*, No. 1400333 JMS-RLP, 2014 WL 4662385 (D.Haw. Sept. 17, 2014); *Washington v. Ibrahim*, 269 P.3d 292, 296-97 (Wash. App. Div. 3, 2011). Although he concedes that the law is unconstitutional, the Sheriff argues that he simply administers and enforces North Carolina law, therefore he cannot be liable under section 1983 for violation of plaintiffs' constitutional rights. The Sheriff correctly points out that a local government official can only be sued under § 1983 when he is acting pursuant to the local government's "policy or custom." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

Though the Sheriff is, in name, a county official, such officials are sometimes considered state agents for purposes of a specific case where they are simply enforcing state law. *See, e.g., Bostic v. Schaefer*, 760 F.3d 352, 371 (4th Cir. 2014) (holding that the clerk was the proper defendant through which to sue the state of Virginia under *Ex parte Young* where he was responsible for enforcing Virginia's same-sex marriage ban); *Bethesda Lutheran Homes and Servs., Inc. v. Leean*, 154 F.3d 716, 718 (8th Cir. 1998) (finding that a state law, not a municipality, is responsible for a party's injury where a municipality is forced to follow an unconstitutional state law); *Echnols v. Parker*, 909 F.2d 795, 801 (5th Cir. 1990) ("[W]hen a state statute directs the actions of an official, as here, the officer, be he state or local, is acting as a state official."). That is precisely the case here.

In North Carolina, the county sheriffs are responsible for administering North Carolina statutes governing concealed carry permits. N.C. Gen. Stat § 14–415.10 *et seq.*. Accordingly, the Sheriff is responsible for processing and issuing concealed carry permit applications in Granville County, North Carolina. As he is the only person who has the authority to issue or deny concealed carry license, he is the only person who could be directly responsible for causing any constitutional injury to plaintiffs. The Court is unaware of any other person that plaintiffs could

5

sue in order to remedy the alleged constitutional harm at issue in this case. Because the Sheriff is the party who would be directly responsible for a constitutional violation, should the Court find that there is one, he is a proper defendant. As the Sheriff points out, however, he is merely following state law in applying the citizenship requirement to the concealed carry permitting process. Accordingly, the Court will consider him a state agent for the purposes of this case. Should the Sheriff be found to have violated plaintiffs' constitutional rights, any fees awarded would be assessed against the Sheriff in his official capacity, to be paid by the State of North Carolina.

As the Court has determined that the Sheriff is a state agent for the purposes of this case, it need not decide whether *Monell*'s "policy or custom" requirement applies. Moreover, because plaintiffs seek only prospective injunctive relief and a declaratory judgment, the Eleventh Amendment does not bar the suit. *Ex Parte Young*, 209 U.S. 123 (1908); *DeBauche v. Trani*, 191 F.3d 499, 505 (4th Cir. 1999) (citing *Green v. Mansour*, 474 U.S. 64, 68 (1985). Accordingly, the Sheriff's motion to dismiss is denied.

## CONCLUSION

For the foregoing reasons, the State defendants' motion to dismiss is GRANTED, and the Sheriff's motion to dismiss is DENIED.

SO ORDERED, this 29 day of July, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE