IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:14-cv-00369-BO

| | |
|---|---|
| FELICITY M. TODD VEASEY and SECOND AMENDMENT FOUNDATION, INC., <br><br>　　　　　Plaintiffs, <br><br>　v. <br><br>BRINDELL B. WILKINS, JR., in his official Capacity as Sheriff of Granville County, North Carolina, PAT McCRORY, in his Official Capacity as Governor of North Carolina, ROY COOPER, in his Official Capacity as Attorney General of North Carolina, and FRANK L. PERRY, in his Official Capacity as Secretary of the North Carolina Department of Public Safety, <br><br>　　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEY'S FEES** |

NOW COME Plaintiffs Felicity M. Todd Veasey ("Ms. Veasey") and the Second Amendment Foundation, Inc. (collectively "Plaintiffs"), respectfully submit this memorandum of law in support of their Motion for Attorney's Fees.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs instituted this action on June 25, 2014. [D.E. 1]. They brought suit against Defendant Brindell B. Wilkins, Jr., in his official capacity as Sheriff of Granville County, North Carolina ("Sheriff Wilkins") under the Second and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983, seeking as relief an order declaring unconstitutional and enjoining Sheriff Wilkins' enforcement of N.C.G.S. § 14-415.12(a)(1)'s prohibition on lawful permanent resident aliens obtaining a North Carolina Concealed Handgun Permit ("CHP").

28773081_1

1

Plaintiffs requested an award of attorneys' fees and costs under 42 U.S.C. § 1988 in the prayer for relief in the Complaint.

In lieu of an answer, Sheriff Wilkins filed a motion to dismiss, arguing that local government officials cannot be sued under Section 1983 where they are merely enforcing State law. [D.E. 14, 15]. As an alternative basis, Sheriff Wilkins argued that dismissal was warranted for failure to join the State as a necessary party pursuant to Fed. R. Civ. P. 19, and because Plaintiffs failed to file the Notice of Constitutional Question mandated by Fed. R. Civ. P. 5.1 and 28 U.S.C. § 2403. *Id.* Plaintiffs opposed Sheriff Wilkins' motion and filed a Motion for Preliminary Injunction with supporting memorandum and affidavits. [D.E. 17, 20, 21, 23]. Oral argument on both motions was heard on January 22, 2015. On January 23, 2015, the Court ordered that Plaintiffs join the appropriate State officer or officers as party-defendants and deferring ruling on the pending motions. [D.E. 32].

Pursuant to the Court's Order, Plaintiffs filed their First Amended Complaint on February 11, 2015, naming Governor Pat McCrory, Attorney General Roy Cooper, and Secretary Frank L. Perry, in their official capacities, as party-defendants (collectively, the "State Defendants"). [D.E. 33]. Sheriff Wilkins and the State Defendants filed motions to dismiss the Amended Complaint.

The Court held a hearing on Plaintiffs' Motion for Preliminary Injunction on April 16, 2015, and on April 24, 2015 the Court entered an order granting the motion and enjoining Defendants, their officers, agents, servants, and employees, from "[e]nforcing the United States citizenship requirement of N.C.G.S. § 14-415.12(a)(1)." [D.E. 46 at 5]. This decision was premised, in part, on Sheriff Wilkins' statement that he agreed with Plaintiffs that the statute was unconstitutional, and on other federal court rulings that similar statutes violated the Fourteenth

2

Amendment's Equal Protection Clause, both of which established Plaintiffs' likelihood of success on the merits. [*Id.* at 4]. Although the Court's order on preliminary injunction was immediately appealable under 28 U.S.C. § 1292, Sheriff Wilkins did not appeal.

Ms. Veasey then applied for her CHP on May 1, 2015. (Veasey Decl. ¶ 4). Sheriff Wilkins accepted the application and then issued Ms. Veasey her permit on June 9, 2015. (*Id.* ¶ 5). Ms. Veasey currently holds a valid North Carolina CHP. (*Id.* Ex. A).

On August 5, 2015, Governor McCrory signed into law House Bill 562. House Bill 562 amended N.C. Gen. Stat. § 14-415.12(a)(1) to eliminate the requirement that a person be a United States Citizen to be issued a Concealed Handgun Permit. [D.E. 61, at p. 17] The statute now includes as persons who may be issued a CHP the very class of persons that includes Ms. Veasey.

## ARGUMENT

**I.     Plaintiffs are "prevailing parties" under 42 U.S.C. § 1988.**

Section 1988 authorizes a district court, in its discretion, to award attorney's fees to prevailing parties in Section 1983 cases. *See* 42 U.S.C. § 1988 ("In any action or proceeding to enforce a provision of section…1983…the court, in its discretion, may allow the prevailing party…a reasonable attorney's fee as part of the costs."). "Under the Supreme Court's 'generous formulation' of the term, a plaintiff constitutes a 'prevailing party' for attorneys' fees purposes if he 'succeed[s] on any significant issue in litigation which achieves some of the benefit… [he] sought in bringing suit." *Lux v. Judd*, 868 F. Supp. 2d 519, 526 (E.D. Va. 2012) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *see also Lefemine v. Wdeman*, 133 S. Ct. 9, 11-12 (2012) (overturning Fourth Circuit ruling that party was not a "prevailing party" under Section 1988 where it obtained injunctive relief, and reaffirming that granting of injunctive relief

3

"worked the requisite material alteration in the parties' relationship" to justify an award of attorney's fees); *Farrar v. Hobby*, 506 U.S. 103, 111-112 (1992) ("[T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim….Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement….In short, a plaintiff 'prevails' when actual relief on the merits materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.").

Specific to Ms. Veasey and SAF, "a plaintiff that has received a preliminary injunction against the defendant's alleged unlawful conduct may obtain prevailing party status under 42 U.S.C. § 1988 without obtaining a favorable final judgment following a full trial on the merits of its claim." *Va. Society for Human Life, Inc. v. Caldwell*, 187 F.3d 633, *11 (4th Cir. 1999) (unpublished) (*citing S-1 and S-2 v. State Bd. of Educ.*, 6 F.3d 160, 172 n. 3 (4th Cir. 1993)) ("[W]hen a plaintiff is successful in obtaining a preliminary injunction based on its probability of success, the defendant's voluntary cessation of *unlawful* conduct need not deprive the plaintiff of prevailing status.")(emphasis in original). Accordingly, a party may obtain "prevailing party" status where it can demonstrate that (1) it obtained a preliminary injunction based upon the probability of success on the merits, and (2) that the defendant voluntarily ceased unlawful conduct in response to the plaintiff's litigation against the defendant. *Id.* Similarly, a plaintiff is considered a "prevailing party" when it obtains a preliminary injunction, even though the government entity voluntarily changes the law before final judgment is entered. *Nat'l Black Police Ass'n v. District of Columbia Bd. of Elections and Ethics*, 168 F.3d 525, 528 (D.C. Cir. 1999) (awarding attorney's fees to plaintiff as prevailing party based on award of injunctive relief prior to passage of subsequent legislation mooting § 1983 challenge); *Haley v. Pataki*, 106

4

F.3d 478, 483-84 (2d Cir. 1997) (allowing plaintiffs, who obtained injunctive relief, to claim prevailing party status despite the subsequent passage of legislation mooting plaintiffs' § 1983 challenge); *Taylor v. Ft. Lauderdale*, 810 F. 2d 1551, 1558 (11th Cir. 1987) (same).

In the present case, Plaintiffs obtained preliminary injunctive relief on April 24, 2015, when this Court enjoined Defendants from enforcing the citizenship requirement of N.C. Gen. Stat. § 14-415.12(a)(1). [D.E. 46]. Although this order was subject to immediate appeal pursuant to 28 U.S.C. § 1292, Defendants did not to appeal. Instead, when Ms. Veasey applied for a concealed handgun permit on May 1, 2015, Sheriff Wilkins accepted the application and then issued Ms. Veasey her permit on June 8, 2015. (Veasey Decl. ¶¶ 4-5). Ms. Veasey now holds a valid North Carolina CHP. (*Id*. Ex. A). These facts show that Plaintiffs meet the definition of "prevailing party" under Section 1988.

**II.    Plaintiffs incurred reasonable hours and rates, according to the lodestar formula, in obtaining a material alteration in the legal relationship of the parties.**

   **A.    Standards for an award of fees.**

When awarding attorney's fees and costs in a Section 1983 case, the Court must employ a lodestar formula, which multiplies the number of hours reasonably expended by counsel by a reasonable hourly rate. *Rum Creek Coal Sales v. Caperton,* 31 F.3d 169, 174 (4th Cir.1994) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)). The Supreme Court has recited twelve factors that should be considered in determining an appropriate attorney fee:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley,* 461 U.S. at 430 n. 3 (1983) (quoting *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974)).

### B. Applying the *Johnson* factors, Plaintiffs' counsel's time is reasonable.

When determining whether to award fees for the number of hours expended, the Court must consider reasonableness and good billing judgment. *Rivers v. Ledford*, 666 F. Supp. 2d 603, 606 (E.D.N.C. 2009). In the context of the present case, the most important *Johnson* factors to consider regarding Plaintiffs' counsel's hours are factors (1), (2), (3), (8), and (9). As applied to the facts in this case, the factors weigh in favor of an award of all hours expended, as follows:

<u>Factors (1) and (2): The Time and Labor Required and the Novelty and Difficulty of the Questions.</u>

As reflected by counsel's billing records, representation of the Plaintiffs began in April, 2014, when Plaintiffs SAF contacted Mr. Sigale. (Sigale Decl., Ex. C). By June, Mr. Webb had been retained as local counsel, and Mr. Sigale and Mr. Webb prepared and filed the complaint by the end of June, 2014. (*Id.*)

For the succeeding 10 months, the direction of the case was largely dictated by the Sheriff's defense strategy. As shown by the filings in this case, Sheriff Wilkins believed that the State of North Carolina should be responsible for payment of Plaintiffs' counsel's fees, notwithstanding the fact that the Sheriff was enforcing an unconstitutional statute. The Sheriff's strategy resulted in lengthy briefing on the issue of whether the Sheriff could be held liable under Section 1983, including a hearing on January 22, 2015, which resulted in the Court's order to name State officials as defendants. The Sheriff's strategy required Plaintiffs' counsel to research the law and submit a brief on the Sheriff's motion to dismiss, to prepare for and attend the January 22, 2015 hearing, and to add State officials as defendants. In the meantime, Plaintiffs'

6

counsel prepared and filed a Motion for Preliminary Injunction, which resulted in Plaintiffs obtaining relief on the merits that materially altered the legal relationship between the parties.

The core issue in this case—the unconstitutionality of a statute that discriminates against lawful permanent resident aliens—is relatively straightforward. Indeed, the Sheriff even agreed that the law was unconstitutional. However, the Sheriff's strategy simply required a significant amount of work to overcome the defenses. This weighs in favor of awarding Plaintiffs' counsel fees for every hour expended.

Plaintiffs' counsel also respectfully submit that Second Amendment cases, as a general matter, are not straightforward. It was only seven years ago, in *District of Columbia v. Heller*, 554 U.S. 570 (2008), that the Supreme Court settled the issue of whether the right to keep and bear arms is an individual, rather than collective, right. In the succeeding seven years, federal courts have wrestled with an array of issues regarding this fundamental constitutional right. Litigating any case involving Second Amendment rights can quickly become complicated, as shown by the Sheriff's defense strategy and the consequent hours expended by Plaintiffs' counsel in this case.

Factor (3): The Skill Requisite to Perform the Legal Service Properly.

Representation of Plaintiffs in this case required a significant degree of skill. While the issues in the case were generally straightforward, Plaintiffs challenged the constitutionality of a state statute in federal court, which requires more skill than ordinary litigation. Moreover, Sheriff Wilkins retained highly-qualified counsel whose arguments, while unsuccessful, required greater than average effort and skill to overcome. This factor weighs in favor of an award of all time expended.

Factor (8): The Amount Involved and the Results Obtained.

Because of this litigation, Ms. Veasey vindicated her constitutional rights and has obtained a North Carolina CHP.  In addition, Plaintiffs respectfully submit that it is no coincidence that the North Carolina General Assembly amended the unconstitutional statute at issue in this case shortly after the Court's preliminary injunction, so that the State could cure the constitutional defect.  Indeed, the General Assembly changed the exact statute at issue in this case to allow issuance of CHP to the exact class of persons that includes Ms. Veasey, and the legislative history shows that this change appeared on June 8, 2015, just 6 weeks after the Court's order on preliminary injunction.  (Webb Decl., Ex. C) (Legislative Bill Analysis, noting that the bill "would authorize a permanent resident of the United States to obtain a North Carolina concealed handgun permit.")  Plaintiffs believe that because of this lawsuit, every lawful permanent resident alien in North Carolina now has the right to obtain a CHP.  This result weighs heavily in favor of a full award of attorney's fees.

Factor (9): The Experience, Reputation, and Ability of the Attorneys.

Both Mr. Sigale and Mr. Webb have submitted information about their experience, reputation, and ability.  Rather than reciting such details, counsel respectfully directs the Court to paragraphs 1 through 9 of Mr. Sigale's declaration and paragraph 3 and Exhibit A of Mr. Webb's declaration.  Counsel respectfully submits that the attorneys representing Plaintiffs brought significant experience, reputation, and ability to the case on behalf of Plaintiffs.

**C.     Based upon the hourly rates in the comparable markets, Plaintiffs' counsel's hourly rates are reasonable.**

In considering the hourly rates, the Court generally must look to the rates in the community in which the Court resides, but in complex cases, rates in other areas may be relevant.  *Rivers*, 666 F.3d at 608.  As this Court noted in *Rivers*, the factors to be considered

8

when determining rates are factors (2) the novelty and difficulty of the questions; (3) the skill requisite to properly perform the legal service; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Plaintiffs have submitted substantial evidence that the hourly rates that their counsel charged are reasonable. Plaintiffs have submitted a declaration from Alan Gura, whose national constitutional practice focuses on Second Amendment litigation. Plaintiffs have also submitted a declaration from Christopher J. Blake, who is an attorney in Raleigh and is familiar with the rates charged for litigation in the Raleigh area. Both from the perspective of national Second Amendment litigation counsel and the perspective of local counsel, the rates charged by Plaintiffs' counsel are reasonable.

As for application of the *Johnson* factors, factors (4), (6), (7), (10), and (11) are not relevant. Factors (2), (3), and (9) are discussed above. As for factor (12), Mr. Sigale has litigated cases similar to this one in a number of federal courts, and he has received his hourly rate of $500 or its equivalent in five other cases that are extremely similar to this one. (Sigale Decl. ¶¶ 14-15, Exs. A, B).

Based on the foregoing, the rates requested by Plaintiffs' counsel are reasonable. Plaintiffs respectfully request that the Court award the full hourly rates submitted by counsel.

**III.  Plaintiffs incurred costs that are recoverable.**

As detailed in Mr. Sigale's and Mr. Webb's declarations, Plaintiffs have incurred costs that should be awarded. Plaintiffs respectfully request that the Court award all costs incurred, totaling $3,073.46.

## **CONCLUSION**

Based upon the foregoing, Plaintiffs request that the Court grant attorney's fees in the amount of $81,980.50 and costs in the amount of $3,073.46 in this case.

Respectfully submitted this the 28th day of August, 2015.

    WILLIAMS MULLEN
    BY: */s/ Camden R. Webb*
    Camden R. Webb
    N.C. State Bar No. 22374
    crwebb@williamsmullen.com
    P. O. Box 1000
    Raleigh, North Carolina 27602
    Telephone: (919) 981-4000
    Facsimile: (919) 981-4300
    *Local Civil Rule 83.1 Counsel for Plaintiffs*

    LAW FIRM OF DAVID G. SIGALE, P.C.

    BY: */s/ David G. Sigale*
    IL Bar No. 6238103
    dsigale@sigalelaw.com
    799 Roosevelt Road, Suite 207
    Glen Ellyn, IL 60137
    Telephone: (630) 452-4547
    Facsimile: (630) 596-4445
    *Counsel for Plaintiffs - Admitted Pro Hac Vice*

# CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

- James C. Wrenn, Jr. – jcw@hopperhickswrenn.com
- Andrew H. Erteschik – aerteschik@poynerspruill.com
- David G. Sigale – dsigale@sigalelaw.com
- Hal F. Askins – haskins@ncdoj.gov
- J. Joy Strickland – jstrickland@ncdoj.gov

WILLIAMS MULLEN

BY: */s/ Camden R. Webb*
Camden R. Webb
N.C. State Bar No. 22374
crwebb@williamsmullen.com
P. O. Box 1000
Raleigh, North Carolina 27602
Telephone: (919) 981-4000
Facsimile: (919) 981-4300
*Local Civil Rule 83.1 Counsel for Plaintiffs*

LAW FIRM OF DAVID G. SIGALE, P.C.

BY: */s/ David G. Sigale*
IL Bar No. 6238103
dsigale@sigalelaw.com
799 Roosevelt Road, Suite 207
Glen Ellyn, IL 60137
Telephone: (630) 452-4547
Facsimile: (630) 596-4445
*Counsel for Plaintiffs*
*Admitted Pro Hac Vice*