# EXHIBIT A



# WILLIAMS MULLEN

WILLIAMSMULLEN.COM



## Camden R. Webb
**Partner**
Raleigh, NC
P: 919.981.4021
F: 919.981.4300
crwebb@williamsmullen.com

Camden Webb represents members of the financial services industry, defending against lender liability cases and consumer claims, litigating disputes between creditors, and representing industry members against government action. Since the beginning of the financial crisis in 2008, Camden has been involved in hundreds of disputes in which he has defended the interests of financial services industry members, their officers and directors, and their employees. Through his focus on financial services litigation, Camden has gained a deep understanding of the industry that he represents.

Camden also leads the firm's Firearms Industry Practice Group, offering advice and representation to members of the firearms industry, including manufacturers, retailers, government contractors, and others. His practical approach and experience help industry members navigate this highly complex area of the law, including issues under the National Firearms Act, the Gun Control Act of 1968, and state gun laws.

In addition, Camden represents companies and individuals facing administrative and criminal investigations as well as those facing criminal prosecution. As a member of the firm's White Collar and Investigations team, Camden heads up the team's practice in North Carolina, and recently has gained significant experience in defending health care industry clients facing investigations and prosecutions. He also serves on the court appointed Criminal Justice Act (CJA) panel of attorneys for the Eastern District of North Carolina.

In representing clients, Camden seeks early and efficient resolution of disputes and applies legal project management principles to case analysis and strategy, staffing, information management, and budgeting in order to increase efficiency of case management and to maximize the predictability of litigation expenses. And, when the circumstances require it, Camden takes cases to trial to assert his clients' rights.

Camden is a member of the North Carolina Bar Association and the American Bar Association, where he served on the Commercial and Business Litigation Committee as UCC Sub-Committee co-chair, the Committee on Consumer Financial Services, and the Committee on Financial Institution Litigation. Camden also helped found the Eastern District of North Carolina Chapter of the Federal Bar Association, and he served as its founding President.

Prior to joining Williams Mullen, Camden served as a U.S. Army judge advocate in Korea and Fort Bragg, N.C., where he practiced consumer law and administrative law, and was a trial defense attorney for two years.

Camden is also active in the community, currently serving as the Chairman of the Board of Junior Achievement of Eastern North Carolina.

## Practice Areas

- Financial Services Litigation
- White Collar and Investigations
- Firearms Industry
- Consumer Finance
- Litigation
- Banking & Financial Services
- Manufacturing
- Class Action Litigation

## Experience

**CASE RESULTS DEPEND UPON A VARIETY OF FACTORS UNIQUE TO EACH CASE. CASE RESULTS DO NOT GUARANTEE OR PREDICT A SIMILAR RESULT IN ANY FUTURE CASE UNDERTAKEN BY THE LAWYER.**

<u>Banking and Financial Services Representation</u>

- Defended a mortgage company and its principal in a civil RICO action brought by the FDIC as the receiver for a failed bank, in which the FDIC alleged that the mortgage company had sold bad mortgages to the bank. The case was settled quickly.
- Directed the internal investigation for a bank regarding a bank employee's embezzlement of funds. Working with bank executives and federal law enforcement, we identified the suspicious transactions, advised on compliance with bank security laws and changes to bank procedures to improve

Case 5:14-cv-00369-BO Document 65-2 Filed 08/26/15 Page 3 of 7

restitution on behalf of the bank during the employee's criminal proceedings.

- Defended a class action lawsuit under the federal Fair Debt Collections Practices Act. The suit presented a novel question of law under the FDCPA, and the U.S. District Court dismissed the case prior to the clients having to file an answer to the complaint. That dismissal was upheld on appeal. As a result, the clients avoided entirely the costs of class certification and discovery.

- Represented the holder of a letter of credit whose claim on the LOC was denied by the FDIC after the FDIC seized the bank that issued the letter of credit. The case was settled.

- Currently defending the former directors and officers of a bank that was taken over by the FDIC. The FDIC, as receiver of the bank, has sued, alleging that the former officers and directors were negligent in their lending practices.

- Defended a bank against claims by a commercial borrower (a developer) and its guarantors that the bank had ceased lending to the borrower, thereby causing a housing development to fail. The plaintiffs had sued for $40 million in damages. After motions practice and extensive discovery, including the discrediting of the borrower's expert witness on bank lending practices, the case was settled under terms that required the borrower and guarantors to pay the bank to resolve the lawsuit.

- Defended an investment services company and its investment advisers against a series of investors' claims stemming from losses in a specific set of securities. Through the FINRA arbitration process, the claims were resolved.

- Currently defending the members of a credit union's supervisory committee (equivalent to a bank's audit committee) against contribution and indemnification claims filed by the credit union's outside auditors.

- Defended a bank against claims by a commercial borrower, who contended that the bank had not received the required authorizations that would bind the borrower regarding the subject loans. The case was designated to the North Carolina Business Court, which dismissed the complaint prior to the filing of an answer. The plaintiff did not appeal, and the bank did not have to incur the costs of discovery.

- Currently defending a mortgage broker against the United States government in a civil False Claims Act case.

- Represented a bank in federal court in New York against a claim by its investment banker that it was owed a success fee. The investment banker contended that the scope of its engagement letter required the bank to pay a success fee even though the bank raised capital with a "friends and family" offering unrelated to the investment banker's services. After discovery and disclosure of facts revealing the intent of the scope provision of the engagement letter, the case was settled.

- Defended a mortgage company against claims by a consumer borrower that the mortgage company had violated North Carolina's mortgage lending statute and unfair and deceptive trade practices statute. The case was settled.

## Selected Trial Experience

- Represented a global credit card issuer in a federal jury trial in a novel case involving violations of North Carolina's Debt Adjusting Act. The credit card issuer's customer had entered into a contract

Case 5:14-cv-00369-BO    Document 65-2    Filed 08/28/15    Page 4 of 7

with a debt counselor, but the debt counselor had engaged in practices prohibited by North Carolina law. There was a jury verdict in favor of the credit card issuer against the debt counselor for amounts unpaid by the customer.

- Represented a manufacturing company in a federal lawsuit against the client's former consultant who had transferred trade secrets to a competitor. The case was tried to a jury, which found liability, and the former consultant settled the case before the damages phase of the trial began. When the former consultant attempted to discharge the settlement obligation through bankruptcy, a fraudulent transfer action was litigated in bankruptcy court, and the case was settled.

- Defended at trial a multinational construction company against claims by a subcontractor who bid on a portion of a project but was not awarded the subcontract. At trial, the subcontractor's principal admitted that the subcontractor had knowledge of misrepresentations in the subcontractors bid package, and the court held against the subcontractor on all issues.

- Represented a close corporation and its principals in a jury trial involving claims by the corporation's former president that his shareholder expectations had been frustrated by his fellow shareholders' ouster of him as president. The former president had, however, signed a contract tendering his shares and resigning as president. Despite his claim that he was forced to sign the contract under duress, there was a jury verdict enforcing the contract and requiring the tendering of shares back to the corporation, thereby defeating the former president's claims.

- Represented a manufacturing company in a two-week AAA commercial arbitration involving claims by a wholesaler that the products manufactured by our client were defective.

- Represented a distributor in a three-week jury trial in state court, in which the distributor alleged that a supplier had breached its distribution contract and misled the distributor about the terms of distribution. There was a jury verdict for breach of contract, unfair and deceptive trade practices, and piercing the corporate veil, holding the owner of the supplier personally liable.

### Litigation Relating to Corporate Governance and Transactions

- Represented a company that purchased the assets of a competitor against a creditor's claim of de facto merger. The creditor contended that the purchasing company had in effect merged with the debtor, but after the case was designated to North Carolina Business Court, and summary judgment was granted on behalf of our client on all issues.

- In North Carolina Business Court, represented a close corporation, related LLCs, and their principals in an effort to remove the companies' manager/president from control of the corporation and LLCs. The court ordered such removal.

- Represented a general partner, who had left her partnership years prior, against a claim by a third party for personal injury. The issue was whether the former partner's exit from the partnership was performed in a manner freeing her of liability. After discovery, the case was settled.

- Represented a manufacturing company in AAA arbitration against claims by the seller under an asset purchase agreement. The seller claimed that the purchaser had not paid as promised, despite the seller's non-performance under the terms of the contract.

**Software, Technology**

- Represented a software manufacturer against claims by a municipality that the software our client delivered did not conform to the municipality's requirements. The municipality declared our client terminated for default, which had never before happened to our client despite over 20 years of selling software to government entities, then sued our client for nearly $40 million in alleged damages. After 3 years of litigation, the case settled before the close of discovery and the municipality agreed to withdraw the termination for default.

- Represented a Fortune 500 telecommunications company that had transferred rights in a patent in exchange for scheduled payments. The other party failed to pay as promised, refused to transfer the patent back to our client, and accused our client of breach contract. We filed suit on behalf of our client, and defended against the other party's counterclaims. The case was settled shortly after depositions were taken.

- Represented a software developer against claims by a customer that its software caused millions in lost profits damages. Through a meticulous attack on the customer's expert witness on damages, we ultimately showed that the customer had in fact not suffered any damages, that nothing our client did caused damage, and that our client had in fact not delivered a faulty product.

- Currently representing a major retail chain in a dispute with a software vendor, where the core functionality of the purchased software failed, and the vendor refuses to compensate the client for its losses resulting from that failure.

# Education

- University of North Carolina School of Law (J.D.)
  with honors
- University of Richmond (B.A.)
  magna cum laude

# Professional Affiliations

- Federal Bar Association, Eastern District of North Carolina Chapter - Founding President
- American Bar Association - Commercial and Business Litigation Committee, UCC Sub-Committee Co-Chair - Committee on Consumer Financial Services, Member - Committee on Financial Institution Litigation, Member
- Conference on Consumer Finance Law
- Defense Research Institute
- North Carolina Association of Defense Attorneys
- North Carolina Bar Association

# Awards

- *Business North Carolina* magazine "Legal Elite 2015" - Litigation

- *Benchmark Litigation*: Local Litigation Star for North Carolina
- Listed as a "Super Lawyer" by *North Carolina Super Lawyers* magazine (2012)
- Named among 2011 Leaders in the Law by *North Carolina Lawyers Weekly*
- *Best Lawyers in America* - Commercial Litigation
- Named 2008 Triangle Mover & Shaker by *Business Leader* magazine

Case 5:14-cv-00369-BO   Document 65-2   Filed 08/28/15   Page 7 of 7