UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| FELICITY M. TODD VEASEY and SECOND AMENDMENT FOUNDATION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>BRINDELL B. WILKINS, JR., in his official capacity as Sheriff of Granville County, North Carolina,<br>PAT McCRORY, in his official capacity as Governor of North Carolina,<br>ROY COOPER, in his official capacity as Attorney General of North Carolina, and<br>FRANK L. PERRY, in his official capacity as Secretary of the North Carolina Department of Public Safety,<br><br>Defendants. | No. 5:14-cv-00369-BO |
| KIRSTEN MESSMER,<br><br>Plaintiff,<br><br>v.<br><br>DONNIE HARRISON, in his Official Capacity as Sheriff of Wake County, North Carolina,<br>PAT McCRORY, in his Official Capacity as Governor of North Carolina,<br>ROY COOPER, in his Official Capacity as Attorney General of North Carolina, and<br>FRANK L. PERRY, in his Official Capacity as Secretary of the North Carolina Department of Public Safety,<br><br>Defendants. | No. 5:15-cv-00097-BO |

**MEMORANDUM IN SUPPORT OF THE STATE OF NORTH CAROLINA'S MOTION TO INTERVENE AND MOTION FOR EXTENSION OF TIME**

The State of North Carolina, respectfully submits this memorandum of law in support of its Motion to Intervene in the above-matters for the limited purpose of contesting Plaintiffs' Motion for Attorneys' Fees, and for a Motion for an Extension of Time in which to file their Response to the Plaintiffs' Motion for Attorneys' Fees.

In pursuit of efficiency, the Procedural History and Argument sections of the companion cases of Veasey v. Wilkins, Case No. 5:14-cv-00369-BO and Messmer v. Harrison, Case No. 5:15-cv-00097-BO are incorporated herein. Each of those cases involves the same constitutional challenge to N.C.G.S. § 14-415.12(a), which is a State statute addressing applicant qualifications for a concealed carry permit, and have a similar procedural history.

## PROCEDURAL HISTORY

On June 25, 2014, Plaintiff Veasey and the Second Amendment Foundation, Inc. filed their complaint against Sheriff Defendant Wilkins in his official capacity as the Sheriff of Granville County, North Carolina, asserting constitutional challenges to N.C.G.S. § 14-415.12(a). [5:14-cv-00369, DE # 1]. On February 11, 2015 an Amended Complaint was filed adding Defendants Pat McCrory, in his official capacity as Governor of North Carolina, Roy Cooper, in his official capacity as Attorney General of North Carolina, and Frank L. Perry, in his official capacity as Secretary of the North Carolina Department of Public Safety. [5:14-cv-00369, DE # 33]. On March 10, 2015, Plaintiff Messmer filed her complaint against Sheriff Defendant Harrison in his official capacity as the Sheriff of Wake County, North Carolina, Pat McCrory, in his official capacity as Governor of North Carolina, Roy Cooper, in his official capacity as Attorney General of North Carolina, and Frank L. Perry, in his official capacity as Secretary of the North Carolina Department of Public Safety asserting constitutional challenges to N.C.G.S. § 14-415.12(a). [5:15-cv-00097, DE # 1].

2

Plaintiffs filed motions for preliminary injunction seeking to enjoin the Defendants from enforcing the citizenship requirements of N.C.G.S. § 14-415.12(a). [5:14-cv-00369, DE # 20; 5:15-cv-00097, DE # 2]. On April 24, 2015, the Court granted Plaintiffs' motion for preliminary injunction. [5:14-cv-00369, DE # 46; 5:15-cv-00097, DE # 24].

Defendants McCrory, Cooper and Perry filed motions to dismiss Plaintiffs' complaints. [5:14-cv-00369, DE # 43; 5:15-cv-00097, DE # 21]. Defendant Sheriffs also filed motions to dismiss Plaintiffs' complaints. [5:14-cv-00369, DE # 14, 36; 5:15-cv-00097, DE # 26]. On July 31, 2015 and August 5, 2015, respectively, this Court granted Defendants McCrory, Cooper and Perry's motion to dismiss Plaintiffs complaints, but denied the Sheriff Defendants Motions to Dismiss. [5:14-cv-00369, DE # 58; 5:15-cv-00097, DE # 40]. With its Orders, the Court found that the Sherriff Defendants were following State law in applying the citizenship requirements for concealed carry permitting, and were therefore State agents for the purpose of this litigation. Furthermore, according to the Court's order, should the Sheriff Defendants be found to have violated the Plaintiffs' constitutional rights, any fees awarded would be assessed against the Sheriffs in their official capacities, to be paid by the State of North Carolina. [5:14-cv-00369, DE # 43; 5:15-cv-00097, DE # 21].

On August 5, 2015, as part of a comprehensive overhaul of the gun laws in North Carolina, Governor McCrory signed legislation which amended the challenged citizenship requirement of N.C.G.S. § 14-415.12(a). On August 7, 2015, the Sheriffs filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. [5:14-cv-00369, DE# 60; 5:15-cv-00097, DE# 41]. On August 28, 2015, Plaintiffs filed their Responses to the Motion to Dismiss for Lack of Subject Matter Jurisdiction. [5:14-cv-00369, DE# 66; 5:15-cv-00097, DE# 45]. That same day,

3

Plaintiffs also filed Motions for Attorneys' Fees. [5:14-cv-00369, DE# 64; 5:15-cv-00097, DE# 43].

On September 14, 2015, the Court granted a consent motion to extend the Sheriffs' time to file their Reply in Support of their Motion to Dismiss for Lack of Subject Matter Jurisdiction and their Response to the Plaintiffs' Motion for Attorneys' Fees, up to and including October 9, 2015. [5:14-cv-00369, DE# 70; 5:15-cv-00097, DE# 49]. On September 17, 2015, counsel for the Sheriff Defendants alerted the State of North Carolina of the pending Motions for Attorneys' Fees and the Sheriff Defendants belief, based on the Courts previous orders, that the State of North Carolina should oppose Plaintiffs' motions on behalf of the State. On October 8, 2015, Defendant Sheriffs filed a Consent Motion for an Extension of Time to respond to Plaintiffs' Motion for Attorneys' Fees, up to and including October 21, 2015. [5:14-cv-00369, DE# 71; 5:15-cv-00097, DE# 50].

## ARGUMENT

### I. THE STATE OF NORTH CAROLINA IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT UNDER RULE 24(a).

In order to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2), an application for intervention "must meet all four of the following requirements: (1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation." Houston General Insurance Co. v. Moore, 193 F.3d 838, 839 (4th Cir. 1999). Each of these requirements must be evaluated liberally in favor of intervention. See, e.g., United States v. City of Los Angeles, 288 F.3d 391, 398 (9th Cir. 2002); WildEarth Guardians v. Nat'l Park Serv., 604 F.3d 1192, 1198 (10th Cir. 2010). Moreover, the court should "accept as

4

true the nonconclusory allegations made in support of an intervention motion." Southwest Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 819 (9th Cir. 2001); Reich v. ABC/York–Estes Corp., 64 F.3d 316, 321 (7th Cir.1995); Chesapeake Bay Found. v. Am. Recovery Co., 769 F.2d 207, 209 n.* (4th Cir. 1985). Proposed Intervenors satisfy all four requirements for intervention as of right.

### A.   Proposed Intervenors Have Timely Filed This Motion.

Given the above described procedural chronology, the State's proposed intervention should not be barred as being untimely, as the application of Rule 24(a)(2) should contemplate that "the timeliness requirement ... should not be as strictly enforced as in a case where intervention is only permissive." Brink v. DaLesio, 667 F.2d 420, 428 (4th Cir.1981); Wright v. Krispy Kreme Doughnuts, Inc., 231 F.R.D. 475, 477 (M.D.N.C. 2005). Several factors determine whether an application is timely: "how far the suit has progressed, the prejudice that delay might cause other parties, and the reason for the tardiness in moving to intervene." Scardelletti v. Debarr, 265 F.3d 195, 203 (4th Cir. 2001), rev'd on other grounds, Devlin v. Scardelletti, 536 U.S. 1 (2002).

Plaintiffs' filed their Motion for Attorneys' Fees on August 28, 2015. [5:14-cv-00369, DE# 64; 5:15-cv-00097, DE# 43]. On September 17, 2015, the Sheriff Defendants sent correspondence to the proposed intervenor indicating their belief they were not responsible to defend plaintiffs' claim for fees and costs, or ultimately pay any possible award of fees. Consequently, the proposed intervention by the State is an endeavor to ensure proper representation and protection of State fiscal resources, even though the State is not a party to this action. The proposed intervention is for the limited purposes of contesting attorneys' fees, there exists no prejudice to any party, and the Court should deem the State's efforts as timely.

### B. The State's Significant Protectable Interests.

The proposed intervenor has a direct and substantial interest in defending North Carolina financial interests, and in this context, is responsible for the preservation of tax-payer resources. The denial of this motion to intervene will deny the State the opportunity to ensure that its fiscal resources are not inappropriately expended. Moreover, Rule 24's advisory committee notes provide that '[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." Fed. R. Civ. P. 24 advisory committee's notes. This Court, in its order granting Defendants McCrory, Cooper and Perry's Motion to Dismiss held that the Defendant Sheriffs are the agents of the State for the purposes of the litigation and that any award or attorney fees and costs will be paid by the State. The Sheriffs have requested that the State protect its financial interests in this matter and the State is obligated to contest the Plaintiffs request for attorneys' fees. In that regard, there can be little argument that the significant protectable interest in the State's fiscal resources will be directly and negatively impacted if the Court were to deny the present motion to intervene.

### C. At Present, the State's Interest in Contesting Plaintiffs' Motion For Attorneys' Fees Is Not Adequately Represented.

The State's "burden of showing an inadequacy of representation is minimal." Commonwealth of Virginia v. Westinghouse Elec. Corp., 542 F.2d 214, 216 (4th Cir. 1976) (citing Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10 (1971). "The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate." Trbovich, 404 U.S. at 540 (citing 3B J. Moore, Federal Practice 24.09—1 (4) (1969)).

In making this determination, courts consider the following three factors:

> (1) Whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary element to the proceedings that other patties would neglect.

Southwest Ctr., 268 F.3d at 822. As discussed *supra,* the Sheriff Defendants, based on this court's previous orders, believe the responsibility of contesting Plaintiffs' claim for attorneys' fees rests with the State of North Carolina, and that counsel for the Sheriffs is not obligated to oppose Plaintiffs' motion. Consequently, absent intervention, the State's interests in protecting tax-payer resources will not be adequately represented.

## II. ALTERNATIVELY, THE STATE SHOULD BE GRANTED PERMISSIVE INTERVENTION.

Courts have broad discretion to grant permissive intervention under Fed. R. Civ. P. 24(b). Unlike intervention as of right, a significantly protectable interest is not required for permissive intervention. Indeed, all that is required is that the application for intervention be timely and that the applicant's claim or defense, and the main action, have a question of law or question of fact in common. Scardelletti, 265 F.3d at 202. The State meets each of these requirements, and it possesses a significantly protectable interest.

First, for the reasons set out in Section I.A above this motion is timely. Although the Fourth Circuit has held that "the timeliness requirement of Rule 24 should not be as strictly enforced [for intervention as of right] as in a case where intervention is only permissive," Scardelletti, 265 F.3d at 203 (quoting Brink, 667 F.2d at 428), it applies the same set of factors as an inquiry into timeliness for both intervention of right under Rule 24(a)(2) and permissive intervention under Rule 24(b)(2), Alt v U.S. E.P.A., 758 F.3d 588, 591 (4th Cir. 2014).

Second, Proposed Intervenor's request is for the limited purpose of contesting Plaintiffs' attorneys' fees request. The questions of law and fact are common with all the defendants, and

7

there will be no prejudice to Plaintiffs. The State therefore meets the requirements for permissive intervention

Rule 24(c) of the Federal Rules of Civil Procedure provides that a motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). As the Fourth Circuit has recognized, however, it is not strictly necessary to submit a formal pleading in support of a motion to intervene. Rather, Rule 24(c) is satisfied by a motion to intervene which clearly spells out the intervenor's position on the subject matter of the litigation. Spring Constr. Co. v. Harris, 614 F.2d 374, 376-77 (4th Cir. 1980);see also, United States v. Metro. St. Louis Sewer Dist., 569 F.3d 829, 834 (8th Cir. 2009) ("[T]he statement of interest satisfie[d] Rule 24(c) because it provide[d] sufficient notice to the court and the parties of [the intervenor's] interests."); Beckman Indus. v. Int'l Ins. Co., 966 F.2d 470, 474 (9th Cir. 1992) ("Courts . . . have approved intervention motions without a pleading where the court was otherwise apprised on the grounds for the motion."); Piambino v. Bailey, 757 F.2d 1112, 1121 (11th Cir. 1985)("[The intervenor] satisfied Rule 24(c)'s separate pleading requirement because his motion to intervene, and the accompanying papers, clearly spelled out his position on the propriety of the injunction. An additional 'pleading,' which merely replicated these documents, would have been surplusage.").

In this Memorandum in Support if the Motion to Intervene, the State has described with particularity the limited purpose of the request to intervene to contest the Plaintiffs' Motions for Attorneys' Fees. The underlying issues in the litigation are, for all intent and purposes, resolved. [5:14-cv-00369, DE # 66; 5:15-cv-00097, DE # 45]. The Plaintiffs' Motions for Attorneys' Fees specifically raise the attorneys' fees requirements pursuant to 42 U.S.C. § 1988, namely whether Plaintiffs are the "prevailing party", whether the amount, if any, of the fees award is reasonable

and the party responsible for any fees. The State has described herein the basis for the intervention with sufficient specificity to provide sufficient notice to the court and all parties of the intervenor's interests.

### III. THE STATE SHOULD BE GRANTED AN EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES.

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, the court may for good cause shown extend the time to respond to a motion. Fed. R. Civ. P. 6 (2015). LCvR 6.1 allows the court to grant a motion for extension of time to a party who has consulted with the opposition, and for good cause shown. The parties to this action have been consulted, with the Defendant Sheriffs consenting to the requested extension. Plaintiffs have chosen not to offer their consent to the State's proposed extension.

The State respectfully requests the Court allow up to and including 21 days following the Court's entry of an Order of intervention for the State to respond in opposition to Plaintiffs' Motion for Attorneys' Fees. The undersigned-not previously involved in this matter- requires the extension of time to properly prepare an opposition to both Motions for Attorneys' Fees, including the nature and extent of the work both Plaintiffs' counsel preformed, and a review of all pleadings, especially the numerous Motions for Extension of Time sought by Plaintiffs, and the duplicative nature of the companion cases. In addition, the undersigned is currently in the last stages of formalizing the settlement of a large class action lawsuit pending before this court.

The State does not request any delay or extension regarding any other issues in this matter including the Defendant Sheriffs' Motion for Lack of Subject Matter Jurisdiction which may be dispositive of the underlying issues: the only remaining issue is Plaintiffs' claim for attorneys' fees. These issues are normally decided after the matter is resolved, and Plaintiffs will not be prejudiced by a limited delay.

9

WHEREFORE, the State of North Carolina respectfully requests that the Court enter an order allowing the State to intervene for the limited purpose of contesting Plaintiffs' Motion for Attorneys' Fees, and enter an order extending the time for the State to file their Response to the Plaintiffs' Motion for Attorneys' Fees, up to and including 21 days after entry of the Order granting intervention.

Respectfully submitted the 15th day of October, 2015.

    ROY COOPER
    Attorney General

    /s/ Charles G. Whitehead
    Charles G. Whitehead
    Special Deputy Attorney General
    Carolina State Bar No. 39222
    Email: cwhitehead@ncdoj.gov
    N.C. Department of Justice
    Post Office Box 629
    Raleigh, North Carolina 27602-0629
    Telephone: (919) 716-6840
    Facsimile: (919) 716-6758
    *Counsel for State of North Carolina*

# CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record as follows:

Camden R. Webb
Williams Mullen
301 Fayetteville St., Suite 1700
P. O. Box 1000
Raleigh, NC 27601
*Counsel for Plaintiff*
*Kirsten Messmer and Local Rule 83.1*
*Counsel for Plaintiffs Felicity M. Todd*
*Veasey and Second Amendment*
*Foundation, Inc.*

Hal F. Askins
J. Joy Strickland
N.C. Dept. of Justice
9001 Mail Service Center
Raleigh, NC 27699-9001
*Counsel for Defendants*
*Governor Pat McCrory, Attorney*
*General Roy Cooper and Frank L.*
*Perry*

Andrew H. Erteschik
N.C. State Bar No. 35269
aerteschik@poynerspruill.com
P.O. Box 1801
Raleigh, NC 27602-1801
Telephone: 919.783.2895
Facsimile: 919.783.1075
*Counsel for Sheriff Brindell B.*
*Wilkins and Sherriff Donnie*
*Harrison*

David G. Sigale
Law Firm of David G. Sigale, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, IL 60137
dsigale@sigalelaw.com
*Lead Counsel for Plaintiffs*
*Felicity M. Todd Veasey and Second*
*Amendment Foundation, Inc.*

This the 15th day of October, 2015.

/s/ Charles G. Whitehead
Charles G. Whitehead