IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-369-BO

FELICITY M. VEASEY and SECOND )
AMENDMENT FOUNDATION, INC., )
 )
      Plaintiffs, )
 )
v. ) ORDER
 )
BRINDELL B. WILKINS, JR. in his official )
Capacity as Sheriff of Granville County, North )
Carolina, *et al.* )
      Defendants. )

This matter is before the Court on defendant Brindell Wilkins' motion to dismiss and the State of North Carolina's motion to intervene and for extension of time. All matters are ripe for ruling. For the following reasons, all motions are granted.

## BACKGROUND

Plaintiffs Felicity Veasey and the Second Amendment Foundation filed suit in this Court against the Sheriff of Granville County, North Carolina (the Sheriff), and Governor Pat McCrory, Roy Cooper, the Attorney General, and Frank Perry, the Secretary of the Department of Public Safety (collectively, the state defendants), via 42 U.S.C. § 1983. Plaintiffs alleged that North Carolina General Statute § 14.415–12—which requires a person to demonstrate American citizenship prior to obtaining a concealed carry permit—violates the Second and Fourteenth Amendments to the United States Constitution. In North Carolina, each county's Sheriff's Office is the issuing authority for concealed carry permits within its county.

In April 2015, the Court granted plaintiffs' motion for a preliminary injunction and preliminarily enjoined defendants from enforcing the United States citizenship requirement of NCGS 14–415.12(a)(1) against lawful permanent residents and from enforcing any other

sections of the North Carolina General Statutes which restrict the firearm rights and privileges of lawful permanent residents based on citizenship. In an order dated July 31, 2015, the Court dismissed the state defendants for lack of subject matter jurisdiction, but denied the Sheriff's motion to dismiss, finding that there was no other person plaintiffs could sue in order to remedy the alleged constitutional harm at issue. Because the Sheriff was merely following state law in applying the citizenship requirement, however, the Court determined that he was acting as a state agent for the purposes of this case, and held that any fees awarded would be assessed against the Sheriff in his official capacity, to be paid by the State of North Carolina (the State).

On August 5, 2015, Governor Pat McCrory signed legislation repealing the challenged citizenship requirement, which prompted the Sheriff's instant motion to dismiss this lawsuit as moot. Plaintiffs do not contend that any substantive issues remain in the case, but have filed a motion requesting attorneys' fees. Relying on this Court's prior order holding that the State would be responsible for any fee award, the State filed the instant motion to intervene, in which it also requests an extension of time to respond to plaintiffs' motion.

## DISCUSSION

1. Motion to Dismiss

As plaintiffs concede, the instant case has been mooted by the legislation repealing the challenged citizenship requirement. [DE 42–1, Session Law 1025–195 at § 17]. This law became effective on August 5, 2015, when signed by Governor Pat McCrory. *Id.* at § 18. When a legislature amends or repeals a challenged law, any case challenging the prior law is moot. *United States Dep't of the Treasury v. Galioto*, 477 U.S. 556, 5459–60 (1986); *Brooks v. Vassar*, 462 F.3d 341, 348 (4th Cir. 2006). Accordingly, defendant's motion to dismiss is granted, and this case is dismissed with prejudice as moot. The Court retains jurisdiction of the case, however,

2

to decide the issue of attorneys' fees. *See, e.g., S-1 v. Spangler*, 832 F.2d 294, 297 n.1 (4th Cir. 1987); *Smyth v. Carter*, 88 F. Supp. 2d 567, 571 (W.D. Va. 2000).

2. Motion to Intervene

The State of North Carolina has filed a motion to intervene following this Court's July 31, 2015, order holding that "any fees awarded would be assessed against the Sheriff in his official capacity, to be paid but the State of North Carolina." [DE 58]. The State argues that it is entitled to intervene as a matter of right under Rule 24(a) of the Federal Rules of Civil Procedure, given plaintiffs' motion for attorneys' fees.

Rule 24(a)(2) mandates that an application for intervention "must meet all four of the following requirements: (1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation." *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999). The main issue in this case is timeliness; the State clearly has an interest in the subject matter given the Court's prior holding that it would pay any fees, and denial of the motion to intervene would leave it without representation in this action, as the Sheriff has noted that it is not obligated to oppose plaintiffs' motion for attorneys' fees in light of the Court's prior ruling.

In considering whether a party is entitled to intervene as a matter of right, "the timeliness requirement . . . should not be as strictly enforced as in a case where intervention is only permissive." *Brink v. DaLesio*, 667 F.2d 420, 428 (4th Cir. 1981). When determining whether a motion is timely, courts consider "how far the suit has progressed, the prejudice that delay might cause other parties, and the reason for the tardiness in moving to intervene." *Scardelletti v.*

3

*Debarr*, 265 F.3d 195, 203 (4th Cir. 2001) (rev'd on other grounds, *Devlin v. Scardelletti*, 536 U.S. 1 (2002).

At the outset, the Court notes that the State of North Carolina has never been a party to this action. Plaintiffs filed their motion for attorneys' fees on August 28, 2015, defendant informed the State that they believed they were not responsible on September 17, 2015, and the State filed the instant motion on October 15, 2015. While plaintiffs argue that the State knew of the Court's intentions on the date it dismissed the state defendants, the dismissal was for lack of subject matter jurisdiction, thus the state defendants could not have filed an opposition to the motion. Moreover, when the state defendants were dismissed, plaintiffs had not yet filed their motion for attorneys' fees. Plaintiffs can hardly argue that they will be prejudiced, as the change in the law gave them the relief they sought via this lawsuit and the State seeks to intervene solely on the issue of attorneys' fees. Given the procedural posture of the case, the relaxed standard of timeliness, and general principles of fairness and equity that underlie the State's interest in contesting the amount, if any, of the fees for which it will be liable, the Court determines that its application is timely. As the other factors set forth in *Moore* weigh in favor of intervention, the State's motion is granted.

Plaintiffs argue that the State failed to submit a formal pleading in conjunction with its application as required by Rule 24(c) of the Federal Rules of Civil Procedure. Rule 24(c) provides that a motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P 24(c). The Fourth Circuit has noted, however, that a motion to intervene that clearly spells out the intervenor's position satisfies Rule 24(c), as it provides notice to the Court and the parties of the intervenor's interest in the litigation. *Spring Constr. Co. v. Harris*, 614 F.2d 374, 376–77 (4th

4

Cir. 1980) ("although some cases have held that intervention should be denied when the moving party fails to comply strictly with the requirements of Rule 24(c), the proper approach is to disregard non-prejudicial technical defects."). The State's motion provides the appropriate parties with notice, thus plaintiffs' argument fails.

For good cause shown, the State's motion for extension is granted, and the State is given 21 days from the date of entry of this Order in which to file a response to plaintiffs' motion for attorneys' fees.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 60] is GRANTED and this case is DISMISSED AS MOOT, except that the Court retains jurisdiction to decide the issue of attorneys' fees. The State's motion to intervene and for extension of time [DE 73] is GRANTED, and the State is DIRECTED to file a response to plaintiffs' motion for attorneys' fees within 21 days of the date of entry of this Order.

SO ORDERED, this _2_ day of December, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE