Positive
As of: December 21, 2015 10:26 AM EST

# *Robinson v. Bartlow*

United States District Court for the Western District of Virginia, Charlottesville Division

June 3, 2014, Decided; June 3, 2014, Filed

CASE NO. 3:12-cv-00024

**Reporter**
2014 U.S. Dist. LEXIS 75105

CHARLES ROBINSON, Plaintiff, v. KYLE BARTLOW, MARIAH GENTRY, JOEYBRA LLC, AND DOES 1-5, INCLUSIVE, Defendants.

**Prior History:** *Robinson v. Bartlow, 2012 U.S. Dist. LEXIS 143323 (W.D. Va., Oct. 3, 2012)*

## Core Terms

prevailing party, preliminary injunction, merits, patent, infringement, Defendants', parties, legal relationship, motion to dismiss, injunction, confer, attorney's fees, factors, succeed, personal jurisdiction, material alteration, exceptional case, irreparable harm, circumstances

**Counsel:** [*1] For Charles Robinson, Plaintiff: Dale Reese Jensen, ZOBRIST LAW GROUP, CHARLOTTESVILLE, VA.

For Kyle Bartlow, Mariah Gentry, Joeybra LLC, Defendants: John Lloyd Snook , III, Snook & Haughey, P.C., Charlottesville, VA; Philip P. Mann, PRO HAC VICE, Mann Law Group, Seattle, WA.

For Does 1-5, Inclusive, Defendant: Philip P. Mann, LEAD ATTORNEY, Mann Law Group, Seattle, WA.

**Judges:** NORMAN K. MOON, UNITED STATES DISTRICT JUDGE.

**Opinion by:** NORMAN K. MOON

## Opinion

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

This matter is before the Court on Defendants' Motion for Attorney's Fees ("Motion for Fees") (docket no. 63). Because Defendants are not prevailing parties within the meaning of the term in *35 U.S.C. § 285*, I will deny Defendants' Motion.

**I. BACKGROUND**

Charles Robinson ("Plaintiff") filed his Complaint in this patent infringement case on May 22, 2012. Plaintiff alleged infringement of his patent, U.S. Patent D448,541 ("'541 Patent"), a design patent Plaintiff received in 2001 for a bra with pockets. Plaintiff became aware of Defendants' product, the JoeyBra, shortly after Mr. Bartlow and Ms. Gentry entered their concept into a business plan competition held in the State of Washington in April 2012. Plaintiff contended that the [*2] JoeyBra features a pocketed design that infringes his patent, and he moved for a preliminary injunction to halt Defendants' website sales and other promotional activities while this litigation was pending.

In the course of the litigation, Plaintiff filed a Motion for Preliminary Injunction (docket no. 7) and Defendants filed a Motion to Dismiss for Lack of Jurisdiction or Change Venue ("Motion to

Dismiss") (docket no. 17). I heard arguments on these motions on July 10, 2012 and September 5, 2012. Ultimately, I denied Defendants' Motion to Dismiss as to JoeyBra LLC, granted Defendants' Motion to Dismiss for lack of jurisdiction as to the individual defendants, Kyle Bartlow, Mariah Gentry, and Does 1-5, and denied Plaintiff's Motion for Preliminary Injunction.

In denying Plaintiff's Motion for Preliminary Injunction, I found both that Plaintiff was not reasonably likely to succeed on the merits of his claim and that Plaintiff had not demonstrated that he faced a risk of irreparable harm. Although Plaintiff argued that the differences between the two bra designs were insignificant, I found the designs appeared substantially different, based on visual inspection of the designs and by applying [*3] the ordinary observer test. *See* Mar. 22, 2013 Mem. Op. at 8 (docket no. 49). Furthermore, because Plaintiff did not have a product on the market twelve years after receiving this patent, I held that he failed to demonstrate that he would suffer loss of profits, market share, or customer goodwill. Those factors led to my conclusion that Defendant did not show he was at risk of suffering irreparable harm. Mar. 22, 2013 Mem. Op. at 10 (docket no. 49).

Plaintiff then filed a Motion for Reconsideration of Denial of Motion for Injunction ("Motion for Reconsideration"), and I held a hearing on this motion on May 6, 2013. I denied the Motion for Reconsideration on May 8, 2013. After the May 8, 2013 order, neither party took further action. This case was dismissed without prejudice for Plaintiff's failure to prosecute on March 27, 2014. *See* Order Dismissing Case (docket no. 62). On April 10, 2014, Defendants filed the Motion for Fees, which has been fully briefed.

## II. Legal Standard

Under 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." In evaluating a motion for attorney's fees under § 285, a court must first determine whether the [*4] movant is a "prevailing party." See Inland Steel Co. v. LTV Steel Co., 364 F.3d 1318, 1319-20 (Fed. Cir. 2004) ("The question in this case is whether USX is a 'prevailing party' and thus potentially eligible for the award of attorney fees and costs."). To be a "prevailing party," a party must have obtained "a court order carrying sufficient 'judicial imprimatur' to materially change the legal relationship of the parties." Samsung Elecs. Co., Ltd. v. Rambus, Inc., 440 F. Supp. 2d 495, 502 (E.D. Va. 2006) (quoting Rice Servs. Ltd. v. United States, 405 F.3d 1017, 1026 (Fed. Cir. 2005)).

Once a court has determined that a party is a prevailing party, it must decide whether the case from which the motion arises is an "exceptional case." See Inland Steel, 364 F.3d at 1321. The prevailing party must prove that the case is exceptional by a preponderance of the evidence. Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S. Ct. 1749, 1756, 188 L. Ed. 2d 816 (2014). An "exceptional case" is one that "stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." Id. at 1756. Courts make their determinations [*5] of exceptionality on a case-by-case basis and consider the totality of the circumstances in making those determinations. *Id.*

If prevailing party status and exceptionality are established, a court has discretion to award reasonable attorney's fees. Superior Fireplace Co. v. Majestic Prods. Co., 270 F.3d 1358, 1378 (Fed. Cir. 2001); Synthon IP, Inc. v. Pfizer, Inc., 484 F. Supp. 2d 437, 441 (E.D. Va. 2007). A court's discretion to award attorney's fees under § 285 is fairly broad and may include consideration of both tangible and intangible factors. Superior Fireplace, 270 F.3d at 1378; see also Highmark Inc. v. Allcare Health Mgmt. Sys., Inc., 134 S. Ct. 1744, 1749, 188 L. Ed. 2d 829 (2014).

## IV. Discussion

Defendants request an award of attorney's fees under 35 U.S.C. § 285. In this case, both qualifications under § 285 are at issue: namely, (1) whether Defendants are a "prevailing party" for the purposes of § 285, and (2) whether this is an "exceptional case" under § 285.

Numerous statutes have included fee-shifting provisions for prevailing parties. Because "prevailing party" is not defined in many of those statutes, courts have applied the ordinary meaning of the term and have interpreted it "without distinctions [*6] based on the particular statutory context in which it appears." Smyth ex rel. Smyth v. Rivero, 282 F.3d 268, 274 (4th Cir. 2002). To be a "prevailing party," a party must have obtained "a court order carrying sufficient 'judicial imprimatur' to materially change the legal relationship of the parties." Samsung Elecs. Co., Ltd. v. Rambus, Inc., 440 F. Supp. 2d 495, 502 (E.D. Va. 2006) (quoting Rice Servs. Ltd. v. United States, 405 F.3d 1017, 1026 (Fed. Cir. 2005)). Examples of court orders carrying "sufficient judicial imprimatur" include "enforceable judgment[s] on the merits," "court-ordered consent decree[s] that materially alter[] the legal relationship between the parties," and "equivalent[s] of either of those." Samsung Elecs., 440 F. Supp. 2d at 502. A party who has not "receive[d] at least some relief on the merits" cannot be said to be a prevailing party. Inland Steel Co. v. LTV Steel Co., 364 F.3d 1318, 1320 (Fed. Cir. 2004).

A variety of circumstances other than a judgment on the merits or consent decree may support a finding that a party has prevailed. See Rice Servs., Ltd. v. United States, 405 F.3d 1017, 1025 (Fed. Cir. 2005). Dismissals with prejudice may support labeling [*7] a party as prevailing, because these dismissals are treated as adjudications on the merits and alter the legal relationship between the parties through their res judicata effects. See Highway Equip. Co. v. FECO, Ltd., 469 F.3d 1027, 1035 (Fed. Cir. 2006) (finding that a defendant who obtains a voluntary dismissal with prejudice is a prevailing party); Samsung Elecs., 440 F. Supp. 2d at 502 (finding that a defendant's voluntary dismissal of patent infringement counterclaims was sufficient to confer prevailing party status on the plaintiff). However, courts have expressly found some outcomes insufficient to confer prevailing party status, including private settlements not enforced by consent decrees, a party's voluntary change in conduct, and orders remanding issues to lower federal courts. See, e.g., Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604 n. 7, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001) (private settlements); Buckhannon, 532 U.S. at 605 (voluntary changes in conduct); Former Emps. of Motorola Ceramic Prods. v. United States, 336 F.3d 1360, 1365 (Fed. Cir. 2003) (citing Hewitt v. Helms, 482 U.S. 755, 763, 107 S. Ct. 2672, 96 L. Ed. 2d 654 (1987) and Hanrahan v. Hampton, 446 U.S. 754, 758-59, 100 S. Ct. 1987, 64 L. Ed. 2d 670 (1980)) (remand [*8] orders).

Two additional types of insufficient circumstances prove pertinent to this Motion for Fees. First, with the exception of one court, every district court to consider the issue since *Buckhannon* has held that defendants who succeed on motions to dismiss for lack of personal jurisdiction do not qualify as prevailing parties. See, e.g., Buccellati Holding Italia SPA v. Laura Buccellati, LLC, No. 11 Civ. 7268(PGG)(GWG), 2013 U.S. Dist. LEXIS 169571, 2013 WL 6223596, at *3 (S.D.N.Y. Dec. 2, 2013) (citing nine district court cases holding the same); see also Caraustar Custom Packaging Grp. (Md.), Inc. v. Stockart.com, LLC, No. 3:05CV377-MU, 2006 U.S. Dist. LEXIS 84943, 2006 WL 3371679, at *1 (W.D.N.C. Nov. 20, 2006); Gossett v. Porsche Cars N. Am., Inc., No. Civ.A. 2:06-123-CWH, 2006 U.S. Dist. LEXIS 76642, 2006 WL 3007384, at *2 (D.S.C. Oct. 19, 2006). But see Velez v. Portfolio Recovery Assoc.,

*Inc.*, No. 4:12-cv-00143, 2012 U.S. Dist. LEXIS 142949, 2012 WL 4711454, at *1 (E.D. Mo. Oct. 3, 2012) (labeling a party who was successful on a motion to dismiss for lack of personal jurisdiction as a prevailing party, without offering its reasoning). The rationale behind these decisions is generally that a dismissal for lack of personal jurisdiction does not examine the merits of the claim, but simply informs **[*9]** the claimant that he cannot pursue his claim in the respective forum. *See Caraustar, 2006 U.S. Dist. LEXIS 84943, 2006 WL 3371679, at *1*; *Gossett, 2006 U.S. Dist. LEXIS 76642, 2006 WL 3007384, at *2*.

Second, the United States Court of Appeals for the Fourth Circuit has held that *granting* a preliminary injunction is not sufficient to confer prevailing party status because, despite its enforceability, "the merits inquiry in the preliminary injunction context is necessarily abbreviated." *Smyth, 282 F.3d at 276*. Since the likelihood of harm to the parties is taken into account in the preliminary injunction decision, the merits inquiry may be even more abbreviated, making it "an unhelpful guide to the legal determination of whether a party has prevailed." *Id. at 277*.

Although the Fourth Circuit has not decided whether the *denial* of a preliminary injunction can make a defendant a prevailing party, the United States Court of Appeals for the Tenth Circuit has held that "[i]f a plaintiff who is granted a non-merits-based injunction cannot be a prevailing party, it logically . . . follows that a defendant who defeats an injunction cannot be a prevailing party if the denial similarly is based on non-merits grounds." *Lorillard Tobacco Co. v. Engida, 611 F.3d 1209, 1215 (10th Cir. 2010)* **[*10]** (internal citation omitted). The Tenth Circuit further explained that a non-merits-based injunction is one "that does not provide a plaintiff with relief on the merits of [his] claim," and that an injunction issued or denied based on the likelihood of harm and a balancing of harms is not merits-based. *Lorillard, 611 F.3d at 1215*. Additionally, denial of a preliminary injunction does not materially alter the legal relationship of the parties unless the preliminary injunction is the only relief that the plaintiff seeks. *See Lorillard, 611 F.3d at 1216* (distinguishing *Me. Sch. Admin. Dist. No. 35 v. Mr. & Mrs. R*, 321 F.3d 9 (1st Cir. 2003) (finding prevailing party status based on denial of preliminary injunction where the injunction was the only relief sought by plaintiff and its denial was based on plaintiff's failure to show it would prevail on the merits of its claim)).

Under these precedents, I find that Defendants do not qualify as a "prevailing party" under *35 U.S.C. § 285*. Defendants have laid out several grounds on which they might be found to be the prevailing party: (1) the claim was dismissed for Plaintiff's failure to prosecute; (2) Defendants were successful in defending **[*11]** against Plaintiff's Motion for Preliminary Injunction and subsequent Motion for Reconsideration after this Court's denial of the preliminary injunction; and (3) Defendants were successful in their Motion to Dismiss as to the individual defendants. None of these grounds qualify Defendants as a prevailing party.

First, unlike dismissals *with* prejudice, this Court's March 27, 2014 Order dismissing this case *without* prejudice, for failure to prosecute, does not operate as an adjudication on the merits, and it does not qualify as merits-based relief. *Cf. Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 503-06, 121 S. Ct. 1021, 149 L. Ed. 2d 32 (2001)* (holding that an adjudication on the merits is "the opposite of a 'dismissal without prejudice,'" and finding the "primary meaning of 'dismissal without prejudice' . . . is dismissal without barring the plaintiff from returning later"). Since a party who has not "receive[d] at least some relief on the merits" cannot be said to be a prevailing party, *Inland Steel, 364 F.3d at 1320*, the March 27, 2014 dismissal order cannot confer prevailing party status on Defendants.

Second, when this Court denied Plaintiff a preliminary injunction, it did not make Defendants prevailing [*12] parties. *Cf.* Smyth, 282 F.3d at 276 (finding grant of preliminary injunction insufficient to confer prevailing party status on the movant). Although this Court found "that Plaintiff . . . failed to show that he [was] likely to succeed on the merits of his claim for infringement," its examination was "for the purpose of Plaintiff's motion."[1] Mar. 22, 2013 Mem. Op. at 8. In accordance with the standard for a preliminary injunction in a patent case,[2] I considered factors other than the merits, reducing the extent to which the denial of the preliminary injunction was merits-based. In addition to finding that Plaintiff did not establish a reasonable likelihood of success on the merits, I found that Plaintiff "failed to demonstrate that he [was] at risk of irreparable harm in the absence of injunctive relief," that, on balance, "the equities tip[ped] in favor of the Defendants," and that "the public interest [was] best served by denying Plaintiff's request . . . ."[3] Mar. 22, 2013 Mem. Op. at 8-11. Therefore, the denial of the preliminary injunction did not grant judicial relief on the merits.

*Lorillard* supports this conclusion, showing that the inverse of *Smyth's* holding is also true: namely, *the denial* of a preliminary injunction no more confers prevailing party status than does *the grant* of a preliminary injunction, under the circumstances discussed in *Smyth*. *Compare* Lorillard, 611 F.3d at 1215 (holding that denial of a preliminary injunction did not make defendant a prevailing party where the court considered factors other than the merits) *with* Smyth, 282 F.3d at 276 (holding that grant of preliminary injunction did not confer prevailing party status). Although this is an issue of first impression in this circuit, I agree with the reasoning of *Lorillard* and [*15] hold that denying a preliminary injunction under these circumstances does not confer prevailing party status. *See* Lorillard, 611 F.3d at 1215.

Importantly, as in *Lorillard*, the preliminary injunction in this case was not the only relief Plaintiff sought. *Compare* Compl. at 4-5 (requesting findings about the patent's validity, as well as damages, fees, and expenses) *with* Lorillard, 611 F.3d at 1216 (holding that denial of a preliminary injunction did not materially alter the legal relationship of the parties where plaintiff sought additional relief). Therefore, denying the preliminary injunction in this case, as in *Lorillard*, failed to materially alter the legal relationship of Plaintiff and Defendants. Since I considered factors other than the merits of Plaintiff's claim in denying the preliminary injunction and Plaintiff sought other relief in this case, declining to grant a preliminary injunction did not make Defendants a "prevailing party" under 35 U.S.C. § 285.

---

[1] To establish that he was likely to succeed on the merits of his claim, Plaintiff was required to [*13] show that he would likely prove infringement and that he was likely to withstand challenges to the validity of his patent. To prove infringement, patentees must show that "the product's design appears 'substantially the same' as the patented design to the 'ordinary observer.'" Mar. 22, 2013 Mem. Op. at 7. I considered "the overall appearance of the claimed design and the allegedly infringing product," and found that "the size, orientation, and accessibility of [the bra pocket] appear to be substantially different" and "as a consequence, and more significantly, the carrying capacity and overall functionality of the allegedly infringing product also appear substantially different." Mar. 22, 2013 Mem. Op. at 8. Therefore, I found that Plaintiff "failed to show that he [was] likely to succeed on the merits of his claim for infringement." *Id.*

[2] A patentee seeking a preliminary injunction against an alleged infringer must show: (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm absent preliminary relief, (3) the balance of equities is in his favor, and (4) an injunction is in the public's interest. Titan Tire Corp. v. Case New Holland, Inc., 566 F.3d 1372, 1375-76 (Fed. Cir. 2009).

[3] I [*14] found that Plaintiff was not at risk of irreparable harm based on several factors: (1) Plaintiff did "not have a product for sale at [that] time," (2) Plaintiff did not "produce[] any specific evidence regarding projected losses in profits, market share, customer goodwill, or other relevant considerations," (3) Defendants' sales would be "readily quantifiable for the purpose of future damages," and (4) Plaintiff had not shown that "monetary damages would be inadequate in this case." Mar. 22, 2013 Mem. Op. at 9-10.

Defendants' success in obtaining the dismissal against the individual defendants for lack of personal jurisdiction also fails to render them a prevailing party. This Court's ruling on the Motion to Dismiss did not address the [*16] merits of Plaintiff's claim, nor did it "materially alter[] the legal relationship between the parties." *Samsung Elecs., 440 F. Supp. 2d at 502*. The ruling did not preclude Plaintiff from litigating the dispute in a court with personal jurisdiction over the individual defendants.

For the reasons set forth above, I find that Defendants are not prevailing parties. This issue is dispositive, and thus I need not and do not reach the question of whether this is an exceptional case.

**V. Conclusion**

For the foregoing reasons, I hereby DENY Defendants' Motion for Fees (docket no. 63) and instruct the Clerk to strike the case from the active docket of the Court. A corresponding order follows.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

Entered this 3rd day of June, 2014.

/s/ Norman K. Moon

NORMAN K. MOON

UNITED STATES DISTRICT JUDGE