IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:14-cv-00369-BO

| | | |
|---|---|---|
| FELICITY M. TODD VEASEY and SECOND AMENDMENT FOUNDATION, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | **PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR ATTORNEY'S FEES** |
| BRINDELL B. WILKINS, JR., in his official Capacity as Sheriff of Granville County, North Carolina, PAT McCRORY, in his Official Capacity as Governor of North Carolina, ROY COOPER, in his Official Capacity as Attorney General of North Carolina, and FRANK L. PERRY, in his Official Capacity as Secretary of the North Carolina Department of Public Safety, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiffs Felicity M. Todd Veasey ("Ms. Veasey") and the Second Amendment Foundation, Inc. (collectively "Plaintiffs"), respectfully submit this Reply Brief in Support of their Motion for Attorney's Fees.

## ARGUMENT

**I.** ***Smyth v. Rivero* Should Not Be Followed Because It Is Contrary to Supreme Court Precedent.**

Pointing to *Smyth v. Rivero*, 282 F.3d 268 (4th Cir. 2002), the State of North Carolina ("State") claims that the Plaintiffs cannot recover their attorneys' fees under 28 U.S.C. § 1988. According to the State, a plaintiff who is awarded a preliminary injunction and subsequently obtains full relief by a change in the defendant's position cannot qualify as a "prevailing party." The Fourth Circuit's decision in *Smyth*, however, is contrary to *Lefemine v. Wideman*, 133 S. Ct.

1

9 (2012) (*per curiam*), and other Supreme Court cases liberally construing the statutory term "prevailing party."

In *Hensley v. Eckerhart*, the Supreme Court found that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." 461 U.S. 424, 433 (1983) (citation omitted). This is "a generous formulation" designed to effectuate the remedial purpose of § 1988, which is to ensure "effective access to the judicial process for persons with civil rights grievances." *Id*. at 429, 433. The Court has explained, "[A]n injunction or declaratory judgment, like a damages award, will usually satisfy that test." *Lefemine*, 133 S. Ct. at 11. Consistent with the liberal construction of § 1988, and the "generous formulation" of the term "prevailing party," the Supreme Court in *Lefemine* recently rejected the Fourth Circuit's limited reading of the term.

The plaintiff in *Lefemine*, an anti-abortion protester, brought an action under 42 U.S.C. § 1983 against several police officers he claimed violated his First Amendment rights. Plaintiff sought nominal damages, a declaratory judgment, a permanent injunction, and attorneys' fees. 133 S. Ct. at 10–11. The parties filed cross-motions for summary judgment and the district court entered a permanent injunction barring the defendants "from engaging in content-based restrictions on Lefemine's display of graphic signs under similar circumstances." *Id*. at 11 (alteration omitted). The district court, however, declined to award damages, finding "the defendants were entitled to qualified immunity because the illegality of their conduct was not clearly established at the time." *Id*. The district court also denied plaintiff's motion for attorneys' fees. *Id*. The Fourth Circuit affirmed the district court's denial of attorneys' fees on grounds that the relief awarded did not "alter the relative positions of the parties: The injunction prohibited

only unlawful, but not legitimate, conduct by the defendants, and merely ordered defendants to comply with the law and safeguard Lefemine's constitutional rights in the future. No other damages were awarded." *Id*. at 11.

The Supreme Court in a *per curiam* opinion summarily reversed the Fourth Circuit.[1] The Court found that the plaintiff "desired to conduct demonstrations . . . with signs that the defendant police officers had told him he could not carry. He brought this suit in part to secure an injunction to protect himself from the defendants' standing threat of sanctions. And he succeeded in removing that threat." *Id*. At bottom, "[b]efore the ruling, the police intended to stop Lefemine from protesting with his signs; after the ruling, the police could not prevent him from demonstrating in that manner." *Id*. On the record before it, the Court found the award of an injunction "supported the award of attorney's fees." *Id*.

Lefemine's reasoning controls here. Ms. Veasey desired to obtain a North Carolina Concealed Handgun Permit ("CHP"). She and Plaintiff Second Amendment Foundation, Inc. brought this action to secure an injunction to prevent the Defendants from abridging fundamental rights by enforcing an unconstitutional law, and they succeeded in that endeavor. Indeed, this Court noted that the Sheriff admitted that N.C.G.S. § 14-415.12(a)(1)'s prohibition on lawful permanent resident aliens possessing a CHP was unconstitutional. (Doc. No. 46 at 3.) And after this Court entered an injunction in Plaintiffs' favor enjoining the Defendants from enforcing an unconstitutional law, the Defendants did not seek appellate review, which was immediately available under 28 U.S.C. § 1292(a)(1). Instead, they conceded defeat and issued Ms. Veasey a CHP.

---

[1] Because the Fourth Circuit's ruling was clearly wrong, the Supreme Court did not hear argument, and instead simply granted the petition for certiorari, vacated the Fourth Circuit's ruling, and remanded with instructions.

3

Of course, the State may argue that *Lefemine*'s reasoning is inapplicable because it involved an award of a permanent injunction, not a preliminary one, and so *Smyth* remains binding. This factual distinction, however, makes no difference in light of *Lefemine*'s reasoning. *Lefemine* makes plain that the critical question is whether a plaintiff through bringing a civil rights claim succeeds in obtaining some judicially sanctioned benefit. *Smyth*'s reasoning that a party must obtain a final merits ruling is an artificial form-over-substance requirement incompatible with *Lefemine*'s functional approach. The Plaintiffs obtained what they sought—a CHP—as a direct result of the litigation. That is all that is required to be a prevailing party under § 1988.

What is more, a key premise to the *Smyth* decision was that the preliminary injunction standard then applicable in the Fourth Circuit, *Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, required in some circumstances only an abbreviated examination of the merits. 550 F.2d 189, 195 (4th Cir. 1977). Thus, *Blackwelder* instructed that the likelihood-of-success requirement should be considered, if at all, only after a balancing of hardships is conducted and then only under the relaxed "grave or serious questions" standard. 550 F.2d at 195–96. *Blackwelder*, however, was overruled by the Supreme Court in *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008), and now in each case the plaintiff must "clearly demonstrate that it will *likely* succeed on the merits." *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009) (emphasis in original), *vacated on other grounds*, 59 U.S. 1089 (2010). And the record here makes clear that the Court made a thorough assessment of the merits arguments offered by each side and ruled in Plaintiffs' favor:

> No defendant has proffered a strong argument in support of limiting the concealed carry statute to 'citizens. No defendant objected to plaintiffs' characterization in court that resident aliens are allowed to possess firearms on their premises and are even allowed to carry firearms openly in North Carolina. In fact, the Sheriff stated

4

> that he agreed with plaintiffs that the law at issue in this case was unconstitutional. In light of other court rulings, the law in North Carolina, and defendants' postures in this case, plaintiffs have demonstrated that they are likely to succeed on the merits.

(Doc. No. 46 at 3.)

*Smyth*'s frailty is further evidenced by decisions from other circuits rejecting the argument that a preliminary injunction cannot support prevailing party status. For instance, the Seventh Circuit held that a plaintiff awarded a preliminary injunction, even though the appeal was later dismissed as moot, was a prevailing party despite the court never reaching a judgment on the merits. *Young v. City of Chicago*, 202 F.3d 1000, 1000–01 (7th Cir. 2000) ("A defendant cannot defeat a plaintiff's right to attorneys' fees by taking steps to moot the case after the plaintiff has obtained the relief he sought, for in such a case mootness does not alter the plaintiff's status as a prevailing party.") And in *Select Milk Producers, Inc. v. Johanns*, the District of Columbia Circuit upheld the district court's award of attorneys' fees made after the parties stipulated to the dismissal of the case as moot. 400 F.3d 939 (D.C. Cir. 2005). The court affirmed the award because the injunction had brought about a court-ordered change in the parties' relationship that was "concrete and irreversible." *Id*. at 946; *accord Kan. Judicial Watch v. Stout*, 653 F.3d 1230, 1234, 1238 (10th Cir. 2011) (finding plaintiff was prevailing party where preliminary injunction was based in part on the likelihood of success on the merits even if the case later becomes moot because of circumstances outside plaintiff's control); *Dearmore v. City of Garland,* 519 F.3d 517, 524 (5th Cir. 2008) (finding plaintiff is prevailing party where he wins a preliminary injunction based on an unambiguous indication of probable success on the merits that causes defendant to moot the action, preventing plaintiff from obtaining final relief on the merits); *People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226, 228–29 (3d Cir. 2008) (finding plaintiff who obtained preliminary injunction despite never securing a final

5

judgment was prevailing party); *Watson v. Cnty. of Riverside*, 300 F.3d 1092 (9th Cir. 2002) (same); *Taylor v. City of Fort Lauderdale*, 810 F.2d 1551 (11th Cir. 1987) (same).

In sum, the Fourth Circuit's *per se* rule in *Smyth* that a preliminary injunction cannot support a prevailing party finding is untenable in light of Supreme Court precedent, particularly *Lefemine v. Wideman*, and the great weight of authority from outside the Fourth Circuit. It has no continuing viability and should not be followed here to deprive these civil rights Plaintiffs of a recovery of fees incurred to defend their rights guaranteed under the Constitution.

**II.     Plaintiffs' counsel's fees are reasonable.**

The procedure for calculating an attorney's fee award requires three steps. *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). First, the court must "determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Id*. (quotation marks and citation omitted). To determine a reasonable number of hours expended and the rate charged, courts apply the factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *Id*. Courts next "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *Id*. (quotation marks and citation omitted). Finally, the court should award "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id*. (quotation marks and citation omitted).

There is a "*strong presumption* that the lodestar figure . . . represents a reasonable fee." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (emphasis added). Indeed, in *Perdue v. Kenny A. ex rel. Winn*, *Perdue v. Kenny A.*, 559 U.S. 542 (2010). the Supreme Court made clear that the strong presumption of reasonableness attributed to the lodestar fee figure can rarely be overcome, 559 U.S. 542, 552, and then only in "extraordinary cases" that will be presented in the "rarest of circumstances." *Id*. at 560

6

(Kennedy, J., concurring); *see also id*. at 1678 (Thomas, J., concurring). The State has made no valid argument that the lodestar calculation offered by Plaintiffs is incorrect.

**A.     Plaintiffs should be compensated for attempting to name a State defendant as directed by the Court.**

While the Fourth Circuit ruled in *McAfee* that in calculating the lodestar a district court should "subtract hours spent on unsuccessful claims unrelated to successful ones," that rule should not apply here. The Court ordered Plaintiffs to name certain state officers in response to the Sheriff's argument that officers of the State were necessary parties to the lawsuit. (Doc. No. 32.) Consistent with this Court's Order, Plaintiffs filed an Amended Complaint. (*Id*.) The State Defendants then moved to dismiss, and this Court granted their motions. (Doc. No. 58.) It would be inequitable for Plaintiffs to be penalized for following an order of this Court, especially given that the Court's Order was issued at the Sheriff's urging.[2]

**B.     Plaintiffs should be compensated for reasonable time expended drafting and filing motions for extensions of time.**

The State argues that all fees relating to time spent by Plaintiffs' counsel drafting and filing motions for extensions should be excluded. However, the State cites no case and Plaintiffs' counsel can find none that categorically bar a party from recovering reasonable attorneys' fees incurred drafting and filing motions for extensions of time. In *Moshir v. Automobili Lamborghini Am. LLC*, the court did not disallow recovery of fees for drafting and filing two unopposed motions to extend the expert disclosure deadline. 927 F. Supp. 2d 789, 801 (D. Ariz. 2013). But the court did find it was unreasonable for counsel to have spent 11.6 hours

---

[2]     The State also objects to certain time entries associated with interviewing potential plaintiffs who did not participate in the case, but the State cites no authority to support its objection.   Time spent reasonably researching and investigating potential claims that are not ultimately asserted is recoverable. *See Kurowski v. Krajewski*, 848 F.2d 767, 776-77 (7th Cir. 1988); *see also Jaffee v. Redmond*, 142 F.3d 409, 415 (7th Cir. 1998).

7

on these tasks because neither motion included nor required a detailed factual recitation or extended legal argument. The court found the party should have spent at most half-an-hour on each motion and awarded fees for one hour. *Id*. Likewise, the court in *Amaro v. Specialized Loan Servicing, LLC*, found a party could recover fees for half-an-hour spent on preparing an unopposed motion for extension. No. 8:10-cv-1729, 2011 WL 6181918, at *3 (M.D. Fla. Dec. 13, 2011). Finally, the court in *Robinson v. Fetterman*, 387 F. Supp. 2d 432, 436 (E.D. Pa. 2005) permitted a party to recover fees for six hours relating to the filing of several motions to extend the time to respond to summary judgment. The court noted the time entries relating to the motions were reasonable because they were "included among numerous other allowable and time-consuming tasks such as the summarization of a deposition, research on a response to a motion to quash a subpoena, and the drafting of a response to defendants' motion for summary judgment." *Id*.

Given that the State bases its objection on a manufactured categorical exclusion of fees relating to motions to extend deadlines, it has waived any argument that any time entry relating to such motions is unreasonable.

**C. Plaintiffs' time records are sufficient to entitle Plaintiffs' to the full balance of fees sought.**

The State next tries to argue that a significant reduction of fees is warranted because of "block billing." Yet, the State points to not a single instance of "block billing." While some of the entries include separate tasks in a single entry, the time records indicate the exact amount of time spent on each task. Contrary to the State's understanding of the term, "block billing" is the practice of "grouping, or 'lumping,' several tasks together under a single entry, without specifying the amount of time spent on each particular task." *Guidry v. Clare*, 442 F. Supp. 2d

8

282, 294 (E.D. Va. 2006). A grouping of tasks that includes a breakdown of the time spent on each task is not "block billing."

Next, the State complains that the time entries are too vague to assess for reasonableness. This is incorrect. When read in context, each entry can be understood as relating to a task necessary to achieve the result in this case. However, if any entries are considered vague, which Plaintiffs dispute, "courts may attempt to decipher them by reference to the context in which these entries occur to determine what work was involved." *Wise v. Kelly*, 620 F. Supp. 2d 435, 452 (S.D.N.Y. 2008) (citation, internal quotation marks, and alteration omitted). The Court should therefore award fees for all time expended, including the time reflected in those entries that the State characterizes as vague.

### D. The Court should find that the hourly rates charged by Plaintiffs' counsel are reasonable because the State did not dispute those rates.

Nothing in the State's response to the Motion for Attorney's Fees disputes the reasonableness of the hourly rates charged by Plaintiffs' counsel. Accordingly, Plaintiffs respectfully request that the Court specifically find that the rates are reasonable. *See, e.g., U.S. v. $28,000.00*, 802 F.3d 1100, 1106 (9th Cir. 2015)("Because the government did not contest the market rate supported by these declarations, the district court was required to presume that rate reasonable.")

## CONCLUSION

Based on the foregoing, Plaintiffs request that the Court grant them attorney's fees in the amount of $92,035.00 and costs in the amount of $3,073.46 in this case.[3]

---

[3] Plaintiffs have submitted with this brief the Second Supplemental Declaration of Camden R. Webb and Supplemental Declaration of David Sigale, which substantiate additional attorney's fees and costs expended. This results in a new total amount that Plaintiffs claim.

9

Respectfully submitted this the 14th day of January 2016.

        WILLIAMS MULLEN

        BY: */s/ Camden R. Webb*
        Camden R. Webb
        N.C. State Bar No. 22374
        crwebb@williamsmullen.com
        P. O. Box 1000
        Raleigh, North Carolina 27602
        Telephone: (919) 981-4000
        Facsimile: (919) 981-4300
        *Local Civil Rule 83.1 Counsel for Plaintiffs*


        LAW FIRM OF DAVID G. SIGALE, P.C.

        BY: */s/ David G. Sigale*
        IL Bar No. 6238103
        dsigale@sigalelaw.com
        799 Roosevelt Road, Suite 207
        Glen Ellyn, IL 60137
        Telephone: (630) 452-4547
        Facsimile: (630) 596-4445
        *Counsel for Plaintiffs - Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

James C. Wrenn, Jr. – jcw@hopperhickswrenn.com
Andrew H. Erteschik – aerteschik@poynerspruill.com
David G. Sigale – dsigale@sigalelaw.com
Hal F. Askins – haskins@ncdoj.gov
J. Joy Strickland – jstrickland@ncdoj.gov

WILLIAMS MULLEN

BY: */s/ Camden R. Webb*
Camden R. Webb
N.C. State Bar No. 22374
crwebb@williamsmullen.com
P. O. Box 1000
Raleigh, North Carolina 27602
Telephone: (919) 981-4000
Facsimile: (919) 981-4300
*Local Civil Rule 83.1 Counsel for Plaintiffs*

LAW FIRM OF DAVID G. SIGALE, P.C.

BY: */s/ David G. Sigale*
IL Bar No. 6238103
dsigale@sigalelaw.com
799 Roosevelt Road, Suite 207
Glen Ellyn, IL 60137
Telephone: (630) 452-4547
Facsimile: (630) 596-4445
*Counsel for Plaintiffs*
*Admitted Pro Hac Vice*